UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| IN RE HULU PRIVACY LITIGATION<br><br>_____/ | No. C 11-03764 LB<br><br>ORDER DISMISSING CLAIMS TWO THROUGH SEVEN, ORDERING FURTHER BRIEFING ON STANDING ONLY, AND SETTING FURTHER HEARING |

## I. INTRODUCTION

In this putative class action, viewers of Hulu's online video content allege that Hulu wrongfully disclosed their video viewing selections and personal identification information to third parties such as online ad networks, metrics companies (meaning, companies that track data), and social networks, in violation of the Video Privacy Protection Act, 18 U.S.C. § 2710. First Amended Consolidated Class Action Complaint, ECF No. 37 at 18.[1] Plaintiffs raised six other claims but elected not to pursue them. *See* Opposition to Motion to Dismiss, ECF No. 58 at 6 n.1. Defendant Hulu moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) on the ground that Plaintiffs lack standing. Hulu also argues that the court should dismiss under Rule 12(b)(6) for failure to state a claim because (1) Hulu is not a "Video Tape Service Provider" and thus is not liable under the Act, (2) any disclosures were incident to the ordinary course of Hulu's business and not covered by the Act, and

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document.

ORDER (C 11-03764 LB)

(3) Plaintiffs are not "consumers" within the meaning of the Act. Motion to Dismiss, ECF No. 49. Following a hearing on June 7, 2012, and for the reasons stated below, the court dismisses claims two, three, five, six, and seven without prejudice, and claim four with prejudice, orders further briefing on the standing issue, and sets a further hearing for August 23, 2012, at 11:00 a.m.

## II. PROCEDURAL HISTORY, LIVE CLAIMS, SUBJECT-MATTER JURISDICTION AND VENUE, AND ALLEGATIONS IN COMPLAINT

### A. Procedural History

On July 29, 2011, Plaintiffs Garvey and Tsan filed a complaint, and on September 2, 2011, they filed an amended complaint, in *Garvey v. Kissmetrics et al.*, No. C 11-03764 LB. *See* ECF Nos. 1 and 13. On September 14, 2011, Plaintiffs Couch, Garza, Jauregui, and Moncada filed a complaint in the Central District of California in *Couch v. Space Pencil et al.*, No. C 11-05606 LB, and the case was transferred to this district on September 14, 2011. *See Couch*, 11-05606 LB, ECF Nos. 1 and 48. The *Garvey* and *Couch* complaints both named Space Pencil (doing business as Kissmetrics) and Hulu as defendants, but the Plaintiffs voluntarily dismissed their claims against Space Pencil, which remains a defendant in a related case. *See Garvey*, No. C 11-03764 LB, ECF No. 31; *Couch*, No. 11-05606 LB, ECF No. 22; *Kim v. Space Pencil, Inc.*, C 11-03796 LB. The parties stipulated to, and the court ordered, the consolidation of the *Garvey* and *Couch* cases into this consolidated action now captioned "*In re Hulu Privacy Litigation.*" ECF Nos. 38, 39. On February 15, 2012, Plaintiffs filed the pending First Amended Consolidated Class Action Complaint ("FAC") naming only Hulu as a defendant. ECF No. 37.[2] The FAC defines the class period as March 4, 2011 to July 28, 2011 and defines a "Class" and a "Video Subclass:" (1) Class: "All individuals and entities in the United States who visited Hulu.com during the Class Period;" and (2) Video Subclass: "All individuals and entities in the United States who visited Hulu.com during the Class Period and viewed video content." *Id.* at 15, ¶¶ 96-97.

### B. Live Claims

The FAC has seven claims: (1) knowing and unauthorized transmission of Class Members' video viewing selections and personal identification information to third parties in violation of the Video

---

[2] The caption still names Kissmetrics, but only Hulu is a defendant.

ORDER (C 11-03764 LB)　　　　　　　　2

Privacy Protection Act; (2) trespass to chattel in violation of state law; (3) wrongful access of data in violation of California Penal Code § 502; (4) wrongful access of Class Members' computers in violation of 18 U.S.C. § 1030; (5) violations of California's unfair competition law, codified in California Business and Professions Code § 17200, *et seq.*; (6) violation of Class Members' right to privacy as codified in the California Constitution, Article I, section 1; and (7) negligent capture, transmission, and sharing of Class Members' personal information and publishing a misleading privacy policy. *Id.* at 18-29. In their opposition to Hulu's motion to dismiss, Plaintiffs elect not to pursue claims two through seven:

> Due to uncertainties in the state of the law regarding certification of a nationwide class under the California Consumer Legal Remedies Act and the California Unfair Competition Law, including the application of *Mazza v. Honda Co., Inc*, 666 F.3d 581 (9th Cir. 2012) and the resulting complications of a nationwide statutory class and potential state consumer subclasses, Plaintiffs elect, at this time, not to pursue these claims. Further, in light of Plaintiffs' continuing investigation, through counsel, of certain underlying, common issues of fact regarding Plaintiffs' claims for trespass to chattels, violations of the California Computer Crime Law, the Computer Fraud and Abuse Act, the California Constitution, and negligence claims, Plaintiffs elect not to pursue those claims at this time.

Opposition, ECF No. 58 at 6 n.1.

In its reply, Hulu argues that this is abandonment that requires dismissal with prejudice. Reply, ECF No. 60 at 5 (citing *Green Desert Oil Grp. v. BP W. Coast Prods.*, No. C 11-02087 CRB, 2012 WL 555045, at *2 (N.D. Cal. Feb. 21, 2012); *In re Facebook Privacy Litig.*, No. C 10-02389 JW, 2011 WL 6176208, at *2 n.5 (N.D. Cal. Nov. 22, 2011); *In re TFT–LCD (Flat Panel) Antitrust Litig.*, 586 F. Supp. 2d 1109, 1131 (N.D. Cal. 2008)).

Plaintiffs' statement – that they "elect . . . at this time" not to pursue claims two through seven – is equivocal and is not a concession on the merits of Hulu's motion to dismiss. *Cf.* N.D. Cal. Civil Local R. 7-3(b) (a party against whom a motion is directed must file a statement of nonopposition if it does not oppose the motion). And it cannot be intended as a voluntary dismissal of the claims. *Cf.* Fed. R. Civ. P. 41(a)(1) (plaintiff may voluntarily dismiss an *action* as opposed to only some claims against a defendant); *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988) (plaintiff may not use Rule 41(a) as a mechanism for dismissing only certain claims; instead, the proper procedure is to amend the complaint). But the court holds, and Plaintiffs did not dispute at the June 7 hearing, that Plaintiffs' decision not to pursue these claims is abandonment of the claims

in this federal action.

The question is whether this court should dismiss claims two through seven with or without prejudice. The cases that Hulu cites to support a dismissal with prejudice generally involve plaintiffs who apparently did not address a defendant's motion to dismiss at all, and thus the court deemed the claims abandoned and dismissed them with prejudice. *See Green Desert Oil*, 2012 WL 555045, at *2 (complaint alleged many breaches of contract; defendant moved to dismiss them all; plaintiffs defended only three of the alleged breaches in their opposition); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 585 F. Supp. 2d at 1131 (defendant manufacturers, sellers, and distributors of TFT-LCD flat panels moved to dismiss plaintiffs' Pennsylvania common law antitrust claims on the ground that Pennsylvania law did not authorize damages sustained from antitrust violations; plaintiffs' opposition did not address the claim or defendants' arguments); *see also Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (abandoned two claims by not raising them in opposition to the County's motion for summary judgment).

Hulu also cites *In Re Facebook Privacy Litigation,* which is similar. There, plaintiffs did not address their Wiretap Act claim in their opposition to Facebook's motion to dismiss that claim and said at oral argument only that they intended to "reserve" their claims. 2011 WL 6176208, at *2 n.6. The court found that vague statement insufficient given their blatant failure to respond to Facebook's motion. *Id.* Also, the court previously had given leave to amend. *Id.* at *6.

This situation is different, at least as to the California state claims. Plaintiffs are not maintaining radio silence about their claims or ignoring Hulu's opposition completely. Instead, they are not certain that they can certify a nationwide class in a case that includes California state claims. Given that federal policy favors determination of cases on the merits, the court cannot say on this record that it should dismiss the state claims with prejudice.

The court's inquiry is different with claim four, a federal claim that alleges wrongful access of Class Members' computers in violation of 18 U.S.C. § 1030. At oral argument, Plaintiffs offered no reason why the court should not dismiss this claim with prejudice. And so the court does.

\\\

\\\

### C. Jurisdiction and Venue

The parties agree that venue is proper in this district. Joint Case Management Conference Statement, ECF No. 48 at 1. The court has jurisdiction under 28 U.S.C. § 1331 because the case involves a claim under a federal statute.

### D. Allegations in Complaint Relevant to Remaining Federal Claim and Standing

#### 1. Hulu's Product

Hulu operates a website called Hulu.com that provides video content, both previously released and posted and originally developed. ECF No. 37, ¶¶ 1, 52, 114. The programs include news, entertainment, educational, and general interest programs. *Id.* ¶ 114.

#### 2. Plaintiffs' Use of Hulu.com

Plaintiffs and Class Members used their Internet-connected computers and browsers to visit hulu.com and view video content. *Id.* ¶¶ 1, 52. They were renters, purchasers, and/or subscribers of goods and/or services from Hulu and so were consumers as defined in the Video Privacy Protection Act. *Id.* ¶ 115.

#### 3. Plaintiffs' Interests

Plaintiffs value their privacy while web-browsing; they do not want to be tracked online; their web browsing (including their viewing choices) involves personal information that is private; it is their decision to disclose (or not) information when they view a web page; and they expect that the websites they use and "the third parties utilized by those websites will not transmit code that repurposes . . . software . . . to perform unintended functions, such as tracking and circumvention of privacy protection[s]" in Plaintiffs' software. *See id.* ¶¶ 15-28.

#### 4. Hulu's Alleged Unauthorized Tracking and Sharing of Users' Video Viewing Details

Hulu allowed a metrics company called KISSmetrics to place code containing tracking identifiers on Plaintiffs' computers in the browser cache, Adobe Flash local storage, or DOM local storage. *Id.* ¶¶ 30-32, 34-51, 69. This code allegedly "respawned" or "resurrected" previously-deleted cookies. *Id.* ¶ 40. This code was "inescapable" and allowed Plaintiffs' data to be "retained . . . so that they could be tracked over long periods of time and across multiple websites, regardless of whether they were registered and logged in." *Id.* ¶ 69. As a result, when Class

UNITED STATES DISTRICT COURT
For the Northern District of California

1 Members viewed video content on Hulu.com, Hulu transmitted their video viewing choices and
2 personally identifiable information to third parties without obtaining their written consent before the
3 disclosure. *Id.* ¶¶ 52, 59, 69, 116. The third parties included online ad networks, metrics companies,
4 and social networks such as Scorecard Research ("Scorecard") (an online market research
5 company), Facebook (the online social network), DoubleClick (an online ad network), Google
6 Analytics (an online web analytics company), and QuantCast (an online ad network and web
7 analytics company). *Id.* ¶¶ 52-53, 116.

8 The information transmitted to Scorecard and Facebook included information that identified
9 Plaintiffs and Class Members personally. *Id.* ¶ 53. As to Facebook, Hulu included their Facebook
10 IDs, connecting the video content information to Facebook's personally identifiable user registration
11 information. *Id.* ¶ 58. As to Scorecard, Hulu provided Plaintiffs' "Hulu profile identifiers" linked to
12 their "individual Hulu profile pages that included name, location, preference information designated
13 by the user as private, and Hulu username (which, in the case of many individuals, is the same
14 screen name used in other online environments.)" *Id.* ¶ 54. Scorecard stored the Hulu ID
15 information in a cookie named "b.scorecardresearch.com" and stored the video information in a
16 cookie named "beacon.scorecardresearch.com." *Id.* ¶ 55. Scorecard also set its own unique
17 identifier tied to these two cookies. *Id.* Scorecard's cookies were unencrypted, so any intruder who
18 gained access to a Class Member's computer could "engage in a trivial exploit to view the profile
19 and perform a 'screen scrape' copy of that person's profile page. *Id.* ¶ 56. Hulu's and Scorecard's
20 practice of sharing user profile IDs and storing them in cookies is a severe failure to observe basic
21 security standards in the handling of user information. *Id.* ¶ 58.

22 Plaintiffs and Class Members "reasonably expected that Hulu would not disclose their video
23 and/or video service requests and their identities to social networks and online ad/metrics networks,"
24 and they "did not authorize or otherwise consent to" such disclosures. *Id.* ¶¶ 59-60.

25 **5. Hulu's Terms of Use and Privacy Policy**
26 As a condition of using Hulu, Plaintiffs agreed to Hulu's terms of use and privacy policy.
27 Plaintiffs reference the policy in the complaint, and Hulu attached the November 17, 2010 privacy
28 policy, the updated June 30, 2011 policy, and the terms of use to its motion to dismiss. Robinson

Decl., Exs. A-C, ECF Nos. 50-1 to 50-3. Because Plaintiffs reference the policy in the complaint and do not question the authenticity of the documents (and indeed cite them), the court considers them. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 568 n.13 (2007); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002).

### III. DISCUSSION

Plaintiffs allege that Hulu "knowingly and without . . . [their] consent disclosed to third parties . . . [their] video viewing selections and personally identifiable information, knowing that such disclosure included the disclosure of [their] personally identifying information . . . and their requests for and/or obtaining of specific video materials and/or services from Hulu," in violation of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710(b)(1). *Id.* ¶¶ 116-17.

The VPPA prohibits a "video tape service provider" from (1) knowingly disclosing to any person (2) personally identifiable information concerning any consumer of such provider (3) except for certain disclosures – like to the consumer or law enforcement – allowed under section 2710(b)(2). 18 U.S.C. § 2710. "'Personally identifiable information' includes information which identifies a person as having requested or obtained specific video materials or services." *Id.* § 2710(a)(3).

Section 2710(c)(1) provides a private federal right of action to "any person aggrieved by any act of a person in violation of this section." Under section 2710(c)(2), the federal court may award (A) actual damages but not less than liquidated damages of $2,500, (B) punitive damages, (C) reasonable attorneys' fees and litigation costs, and (D) preliminary and equitable relief that the court determines is appropriate.

Hulu first moves to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that Plaintiffs lack standing. Motion to Dismiss, ECF No. 49 at 12-15. Hulu also moves for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim because (1) Hulu is not a "Video Tape Service Provider" and thus is not liable under the Act, (2) any disclosures were incident to the ordinary course of Hulu's business and are not covered by the Act, and (3) Plaintiffs are not "consumers" within the meaning of the Act. *Id.* at 21-24. The court addresses only the standing issue now and defers consideration of the 12(b)(6) motion until the August 23, 2012

hearing.

Hulu alleges that Plaintiffs do not have standing because sharing information is not a loss that conveys standing. *Id.* at 13. Plaintiffs respond that they have standing because the VPPA's private right of action conveys standing. Opposition, ECF No. 58 at 8-9 (collecting cases). Hulu counters that the Supreme Court is considering a case that may eliminate statutory standing as a stand-alone basis for establishing a case or controversy. Reply, ECF No. 60 at 5-7 (arguing also that if it does, Plaintiffs' failure to respond to Hulu's other standing arguments in this briefing round should preclude their arguing it in any supplemental briefing) (*citing First Am. Fin. Corp. v. Edwards,* 131 S. Ct. 3022 (June 20, 2011)). The court finds standing under current case law because the VPPA provides Plaintiffs with a right to judicial relief, but orders additional briefing because the pending Supreme Court case may alter this analysis. The court finds that Plaintiffs alleged that their rights were violated with sufficient particularity.

**A. Legal Standard**

Standing pertains to the court's subject-matter jurisdiction and thus is properly raised in a Rule 12(b)(1) motion to dismiss. *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). The party asserting a claim has the burden to establish standing, and the court presumes lack of jurisdiction unless the claimant proves otherwise. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 376-78 (1994); *Colwell v. Dept. of Health and Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009). In a facial attack (like this one) on the sufficiency of the complaint's allegations to establish standing, the court "'must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party.'" *Graham v. FEMA*, 149 F.3d 997, 1001 (9th Cir. 1998) (*quoting Warth v. Seldin*, 422 U.S. 490, 501 (1975)).

The doctrine of standing encompasses constitutional requirements and prudential considerations. *See Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982)*; Sahni v. American Diversified Partners*, 83 F.3d 1054, 1057 (9th Cir. 1996).

Article III gives the federal courts jurisdiction only over cases or controversies. *See Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990). Establishing standing under Article III requires the following for each claim: (1) the party must suffer an actual or threatened injury; (2) the injury must

be fairly traceable to the challenged conduct; and (3) it is likely (as opposed to merely speculative) that a favorable decision will redress or prevent the injury. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC)*, 528 U.S. 167, 180-81, 185 (2000); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Valley Forge Christian College*, 454 U.S. at 472; *Sahni*, 83 F.3d at 1057. "In a class action, standing is satisfied if at least one named plaintiff meets the requirements." *See Bates v. United Parcel Serv.*, 511 F.3d 974, 985 (9th Cir. 2007).

Prudential considerations require the following: (1) a party must assert his own legal rights and interests, not those of others; (2) courts will not adjudicate "generalized grievances;" and (3) a party's claims must fall within the zone of interests that is protected or regulated by the statute or constitutional guarantee in question. *See Valley Forge Christian College*, 454 U.S. at 474-75*; Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1122 (9th Cir. 2009).

## B. <u>Analysis</u>

The VPPA provides a private right of action to any person aggrieved by unlawful disclosure of information under the statute. *See* 18 U.S.C. § 2710(c)(1). A court may award actual damages but not less than $2,500 statutory liquidated damages, punitive damages, reasonable fees and costs, and other preliminary and equitable relief. *Id.* § 2710(c)(2). Plaintiffs point out, and Hulu does not dispute, that the Ninth Circuit recognizes that a plaintiff satisfies Article III's injury-in-fact requirement by alleging a violation of a statutorily-created legal right. ECF No. 58 at 8-9 (collecting cases); ECF No. 60 at 7.

For example, in *Jewel v. National Security Agency*, the plaintiff in a putative class action alleged that the federal government used surveillance devices attached to AT&T's network to intercept the communications of class members, thereby violating three surveillance statutes: the Foreign Intelligence Surveillance Act ("FISA"), 50 U.S.C. § 1801 *et seq.*, the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510 *et seq.*, and the Stored Communications Act ("SCA"), 18 U.S.C. § 2710 *et seq.* 673 F.3d 902, 905-06 (9th Cir. 2011). All three statutes explicitly create private rights of action for claims of illegal surveillance. *Id.* at 908; *see, e.g.* 50 U.S.C. § 2520 (FISA private right of action to any person whose communication is intercepted, disclosed, or intentionally used). The *Jewel* court concluded that Jewel alleged concrete injury sufficiently. 673

F.3d at 908.

Similarly, in *Edwards v. First American Corporation*, a home purchaser alleged that her settlement agent illegally referred her title insurance business to First American pursuant to an exclusive agency agreement in violation of the anti-kickback provisions of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607. 610 F.3d 514, 515-16 (9th Cir. 2010)*, cert. granted*, 113 S. Ct. 3022 (June 20, 2011). Under RESPA, "[a] person who is charged for a settlement service involved in a [RESPA] violation is entitled to three times the amount of *any* charge paid" (as opposed to just overcharges). *Id.* at 517 (emphasis in original) (citing 12 U.S.C. § 2607(d)(2)). The court concluded that the home purchaser established an injury that satisfied Article III. *Id.*

Courts have applied this principle – that Congress can define a "legal right, the invasion of which establishes standing," *see Edwards*, 610 F.3d at 517 – to find standing when a consumer alleges a violation of a consumer privacy statute with a private right of action. For example, the Driver's Privacy Protection Act prohibits certain uses and disclosures of private information provided to DMVs in connection with motor vehicle records. *See* 18 U.S.C. § 2721(a) and (b); *Graczyk v. West Pub. Co.*, 660 F.3d 275, 277 (7th Cir. 2011). Under the statute, a plaintiff may file a federal lawsuit against someone who improperly obtains the plaintiff's private information. *See* 18 U.S.C. § 2724(a). No further injury is necessary to establish standing. *See Graczyk*, 660 F.3d at 278. Similarly, the Cable Communications Policy Act, 47 U.S.C. §§ 421-561, contains privacy measures governing a cable company's use of the cable system to collect personally identifiable information, and it permits cable subscribers to bring a civil action to enforce the privacy provisions. *See Klimas v. Comcast Cable Comms., Inc.*, 465 F.3d 271, 275-76 (6th Cir. 2006). Alleging a privacy violation under the Act constitutes standing even absent economic harm. *Id.*

Under current law, then, Plaintiffs establish an injury (and standing) by alleging a violation of a statute. Hulu counters that the Supreme Court's decision this term in *Edwards* will clarify whether alleging only a statutory violation is sufficient injury-in-fact to convey standing. Reply, ECF No. 60 at 7.

The court observes that *Edwards* involved no economic injury because Ohio law fixed the fees

1 that title insurers could charge. 610 F.3d at 516. By contrast, release of private information might
2 be the additional harm that may make a statutory violation sufficient to convey standing. Still, the
3 Court's decision in *Edwards* likely will alter the standing analysis. Accordingly, the court defers
4 ruling on the motion to dismiss and sets a further briefing schedule below limited solely to this
5 standing issue. The undersigned rejects Hulu's argument that Plaintiffs' reliance on their statutory
6 standing argument waives their right to respond further in supplemental briefing.

Hulu also argues that Plantiffs did not allege the particularized injury needed to establish standing because they did not "allege facts showing that Hulu violated the VPPA by disclosing information that ties the identity of each Plaintiff to the video(s) that he or she viewed on hulu.com." ECF No. 60 at 7; *see Jewel*, 673 F.3d at 909 ("The critical question is whether [the plaintiff] 'has alleged such a personal stake in the outcome of the controversy as to warrant . . . invocation of federal court jurisdiction'") (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). But the complaint does have allegations about injury:

- When Class Members viewed video content on Hulu's website, Hulu transmitted their video viewing choices and personally identifiable information to third parties without Class Members' written consent before disclosure. ECF No. 37, ¶¶ 52, 58-60, 69, 116.

- The third parties included online ad networks, metrics companies, and social networks such as Scorecard Research, Facebook, DoubleClick, Google Analytics, and QuantCast. *Id.* ¶¶ 53, 116.

- Hulu's transmissions of video viewing information to Scorecard and Facebook included information that personally identified Plaintiffs and Class Members. *Id.* ¶ 53.

- As to Facebook, the information included "Plaintiffs' and Class Members' Facebook IDs, [which connected] the video content information to Facebook's personally identifiable user registration information." *Id.* ¶ 58.

- As to Scorecard, Hulu provided the Hulu profile identifiers linked to their individual Hulu profile pages that included identifying information, preference information designated as private, and Hulu username. *Id.* ¶¶ 53-54, 58.

In *Jewel*, the Ninth Circuit concluded that the plaintiff's allegations were sufficiently particularized where she alleged that the government had intercepted the communications "of practically every American who uses the phone system or the Internet, including Plaintiffs and class members in an unprecedented suspicionless general search through the nation's communications network." *Jewel*, 673 F.3d at 909-11. The court finds Plaintiffs' allegations here sufficiently

ORDER (C 11-03764 LB) 11

particularized.

## IV. CONCLUSION

The court dismisses state claims two, three, five, six, and seven without prejudice. The court dismisses claim four – a federal claim that alleges wrongful access of Class Members' computers in violation of 18 U.S.C. § 1030, *et seq.* – with prejudice.

As to the remaining claim one, the court holds that under the law as it stands now, Plaintiffs alleged standing sufficiently. The court nonetheless orders further briefing because the Supreme Court's decision in *Edwards* likely will alter the standing analysis. Accordingly, the court defers ruling on the 12(b)(1) motion challenging standing and sets the following schedule:

| Event | Date |
|---|---|
| Hulu's seven-page supplemental brief | July 19, 2012 |
| Plaintiffs' seven-page response | August 2, 2012 |
| Hulu's optional 3-page reply | August 9, 2012 |
| Further argument | August 23, 2012, 11 a.m. |

The parties may alter the dates (but not the time period between the conclusion of briefing and argument) if the timing of the *Edwards* opinion makes the schedule too ambitious.

At the parties' request, and because jurisdiction is a threshold issue, the court defers ruling on Hulu's Rule 12(b)(6) motion to dismiss for failure to state a claim.

**IT IS SO ORDERED.**

Dated: June 11, 2012

_____
LAUREL BEELER
United States Magistrate Judge