David C. Parisi (SBN 162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
**PARISI & HAVENS LLP**
15233 Valleyheart Drive
Sherman Oaks, California 91403
Telephone: (818) 990-1299
Facsimile:  (818) 501-7852

Brian R. Strange (Cal. Bar. No. 103252)
LACounsel@earthlink.net
**STRANGE & CARPENTER**
12100 Wilshire Boulevard, Suite 1900
Los Angeles, CA 90025
Telephone:  (310) 207-5055
Facsimile:   (310) 826-3210

Counsel for Plaintiffs

(Additional counsel listed on signature page)

**THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re: Hulu Privacy Litigation | LEAD CASE NO. 3:11-cv-03764-LB consolidated with CASE NO. 3:11-cv-05606-LB<br><br>**JURY DEMAND**<br><br>**SECOND AMENDED, CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE VIDEO PRIVACY PROTECTION ACT, 18 U.S.C. § 2710.** |

Plaintiffs, on behalf of themselves and all others similarly situated (each, a "Class Member" and, collectively, the "Class") allege as follows based on personal knowledge and on information and belief based on investigation of counsel.

**PARTIES**

1.   Plaintiffs are individuals residing in the United States who are registered users of the website of Defendant Hulu, LLC (http://www.hulu.com or "www.hulu.com"), including, but not limited to Hulu Plus subscribers, and who requested and/or obtained video materials and/or services on hulu.com.

2. Plaintiff Joseph Garvey is a resident of Kings County, New York. He has been a registered user of hulu.com since on or about April 12, 2009.

3. Plaintiff Sandra Catalina Vega Peralta is a resident of Los Angeles County, California. In July 2010, she became a Hulu Plus subscriber. During the Class Period, her account was linked to her Facebook account.

4. Plaintiff Paul Torre is a resident of Jackson County, Illinois. In July 2012, he became a Hulu Plus subscriber.

5. Plaintiff Joshua Wymyczak is a resident of Los Angeles County, California. On or about February 10, 2010, he became a registered user of hulu.com.

6. Plaintiff Evan Zampella is a resident of New York County, New York. On or about June 17, 2011, he became a Hulu Plus subscriber.

7. Defendant Hulu, LLC ("Hulu" or "Defendant") is a Delaware corporation with headquarters at 12312 West Olympic Boulevard, Los Angeles, California 90064, doing business throughout the United States and, in particular, in the State of California and County of San Mateo.

**INTRADISTRICT ASSIGNMENT**

8. Intra-district assignment to the San Francisco Division is proper inasmuch as the first complaint in this matter named as a defendant Space Pencil, Inc. d/b/a/ KISSmetrics, a company with principal executive offices and headquarters in this District on Morning Lane in Redwood Shores, California.

**JURISDICTION AND VENUE**

9. This Court has diversity jurisdiction in this case under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). This complaint states claims on behalf of a national class of consumers who are minimally diverse from Defendant. The Class (as defined herein) consists of more than one hundred members. In addition, the amount in controversy exceeds $5 million, exclusive of interest and costs.

10. This Court has federal question jurisdiction under 28 U.S.C. § 1331 as this action arises in part under federal statutes, specifically, the Video Privacy Protection Act. This Court

has personal jurisdiction over Defendant because some of the acts alleged herein were committed in the State of California and because Defendant Hulu is registered to do business in this State and Defendant systematically and continuously conduct business in this state.

11. Venue in this District under 28 U.S.C. § 1391(b) is appropriate in that the first complaint in this matter named as a defendant Space Pencil, Inc. d/b/a/ KISSmetrics, a company with principal executive offices and headquarters in this District on Morning Lane in Redwood Shores, California.

## GENERAL ALLEGATIONS

**A.  Plaintiffs' and Class Members' Interest in Privacy**

12. Plaintiffs and Class Members value their privacy while web-browsing.

13. Plaintiffs and Class Members do not want to be tracked online.

14. Plaintiffs and Class Members believe their web-browsing activities involving video viewing choices constitute personal information that is of a private, confidential, sensitive, and intimate nature.

15. Plaintiffs and Class Members believe their decisions to disclose or not disclose information when they view a particular web page, select content or options on the page, or enter information on the page, is their decision to make.

16. Plaintiffs and Class Members believe the personal information regarding their web-browsing activities on first-party websites and that they disclose on those websites is an asset they possess and to which online third parties have no presumptive right of access.

**B.  Hulu's Unauthorized Sharing of Plaintiffs' Video Viewing Details**

17. Hulu operates a website, www.hulu.com, that provides online access to television shows, movies, trailers, clips, and other pre-recorded video content from networks and studios. The content includes news, entertainment, educational, and general interest programs.

18. When Plaintiffs and Class Members reviewed and/or selected video content on Hulu's website, Hulu transmitted to third parties information identifying Plaintiffs and Class Members and detailing the specific video materials and services they had requested and/or obtained.

19. Hulu did not undertake the conduct in the preceding paragraph for purposes of debt collection, order fulfillment, request processing, or transfer of ownership.

20. Plaintiffs and Class Members did not give informed, written consent to Hulu at the time the disclosure was sought.

21. The third parties to which Hulu transmitted information identifying Plaintiffs and Class Members and detailing the specific video materials and services they had requested and/or obtained included but was not limited to: Scorecard Research, an online market research service of Full Circle Studies, Inc. and a wholly owned subsidiary of comScore, Inc.; and Facebook, Inc., an online social network that derives the majority of its revenue from online advertising.

22. For example, Hulu sent Scorecard Research each Plaintiff's and Class Member's specific video content choices (*e.g.*, movie title or television show and episode).

23. Further, Hulu provided Scorecard Research with the profile ID for each Plaintiff's and Class Member's Hulu profile pages that contained information such as name; location; birthdate; and Hulu username, which, for many individuals, is the same screen name used in other online environments and/or their actual name.

24. Further, Scorecard Research stored the information it received from Hulu in unencrypted cookies on Plaintiffs' and Class Members' computers, so that any intruder who gained access to the computer of a Plaintiff or Class Member could engage in a trivial exploit to view the profile and perform a "screen scrape" copy of that person's profile page.

25. Hulu and Scorecard Research's practice of sharing user profile IDs and storing them in cookies constituted a severe failure to observe basic security standards in the handling of user information.

26. As another example, Hulu sent Facebook Plaintiffs' and Class Members' specific video choices and Facebook IDs that linked their video choices to personally identifiable Facebook registration information.

27. Plaintiffs and Class Members reasonably expected Hulu would not disclose their video choices and identifying information to third-party marketing, advertising, and social network entities.

28. Plaintiffs and Class Members did not authorize or otherwise consent to Hulu's disclosure of their video choices and identifying information to third-party marketing, advertising, and social network entities.

29. Hulu's disclosure of Plaintiffs' and Class Members' video choices and identifying information to these third parties was not incident to Hulu's ordinary course of business.

30. Plaintiffs and other Class Members reasonably expected and sought to maintain privacy and confidentiality of their unique, personal, and individual information assets, including their identifying information and their specific video choices.

31. Plaintiff and Class Members had no reasonable means to detect or control these tracking activities.

32. Defendant's conduct in sharing Plaintiffs' and Class Members' specific video choices and identifying information with third parties without authorization or consent has caused and causes economic loss to Plaintiffs and Class Members in that the personal information disclosed by Defendant has economic value to Plaintiffs and Class Members.

**CLASS ALLEGATIONS**

33. The "Class Period" is defined as the period from March 4, 2011 through the date of class certification, inclusive.

34. Pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, Plaintiffs bring this action on behalf of themselves and the following Class: All individuals in the United States who are registered users of hulu.com (including, but not limited to, paying subscribers, also known as Hulu Plus subscribers) and requested and/or obtained video materials and/or services on hulu.com during the Class Period.

35. Excluded from the Class are Hulu, and its assigns, successors, and legal representatives, and any entities in which Hulu has controlling interests.

36. Also excluded from the Class are the judges to whom this case is assigned and members of the judges' immediate family.

37. Plaintiffs reserve the right to revise the definition of the Class based on facts they learn in the course of litigation.

38. The Class consists of millions of individuals, making joinder impractical. During the Class Period, on a monthly basis, as many as 50 million individuals viewed Defendant's content. To date, Hulu has a least two million Hulu Plus paying subscribers.

39. Plaintiffs' claims are typical of the claims of all other Class Members.

40. Plaintiffs will fairly and adequately represent the interests of the Class. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions, including privacy cases.

41. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.

42. Plaintiffs and their counsel do not have any interests adverse to those of the Class.

43. Absent a class action, most Class Members would find the cost of litigating their claims to be prohibitive and would have no effective remedy.

44. The class treatment of common questions of law and fact in this matter is superior to multiple individual actions or piecemeal litigation, in that it conserves the resources of the Court and litigants and promotes consistency and efficiency of adjudication.

45. Defendant has acted and failed to act on grounds generally applicable to Plaintiffs and the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class.

46. The factual and legal bases of Defendant's liability to Plaintiffs and Class Members are the same, resulting in injury to Plaintiffs and all other Class Members. Plaintiffs and Class Members have all suffered harm and damages as a result of Defendant's wrongful conduct.

47. There are many questions of law and fact common to Plaintiffs and the Class and which predominate over any questions that may affect only individual Class Members. Common and predominant questions for the Class include but are not limited to the following:

    a. what are the identities of third parties that obtained information identifying Plaintiffs and Class Members and detailing the specific video materials and services they had requested and/or obtained as a result of Defendant's conduct;

1     b.  whether Defendant's conduct described herein violates the Video Privacy
2 Protection Act, below;
3     c.  whether Plaintiffs and Class Members gave informed, written consent to
4 Hulu at the time the disclosures were sought;
5     d.  whether Defendant's disclosures were incident to the ordinary course of
6 Hulu's business;
7     e.  whether, as a result of Defendant's conduct, Plaintiffs and Class Members
8 are entitled to equitable relief and/or other relief, and if so the nature of such relief; and
9     f.  whether, as a result of Defendant's' conduct, Plaintiffs and Class Members
10 are entitled to damages, including, statutory, punitive, liquidated and/or treble damages.

11   48.  The questions of law and fact common to the Class predominate over any
12 questions affecting only individual members and a class action is superior to all other available
13 methods for the fair and efficient adjudication of this controversy.

14   49.  Plaintiffs' claim for relief is set forth below.

**CLAIM FOR RELIEF**

**VIOLATION OF THE ELECTRONIC COMMUNICATIONS PRIVACY ACT**

**TITLE 18 UNITED STATES CODE, SECTION 2710, *et seq.***

**(VIDEO PRIVACY PROTECTION ACT)**

19   50.  Plaintiffs incorporate the above allegations by reference as if here fully set forth.

20   51.  Defendant Hulu is and was throughout the Class Period engaged in the business,
21 in or affecting interstate or foreign commerce, of rental, sale, or delivery of prerecorded video
22 cassette tapes or similar audio visual materials in that Hulu provided online access to television
23 shows, movies, trailers, clips, and other pre-recorded video content from networks and studios,
24 and so was, throughout the Class Period, a video tape service provider as defined in the Video
25 Privacy Protection Act.

26   52.  Plaintiffs and Class Members were renters, purchasers, and/or subscribers of
27 goods and/or services from Hulu and so were consumers as defined in the Video Privacy
28 Protection Act.

53. Hulu knowingly, and without Plaintiffs' and Class Members' informed, written consent, disclosed to third parties, including online ad networks, metrics companies, and social networks, information identifying Plaintiffs and Class Members and detailing the specific video materials and services they had requested and/or obtained on hulu.com.

54. Such disclosures were not made for purposes of debt collection, order fulfillment, request processing, or transfer of ownership.

55. Such disclosures were not incident to the ordinary course of Hulu's business.

56. Hulu's actions were therefore in violation of the Video Privacy Protection Act, 18 U.S.C. § 2710(b)(1).

57. Plaintiffs and Class Members, as to each of them, are entitled to $2,500 in liquidated damages per violation.

58. Plaintiffs and Class Members are entitled to equitable relief that includes Hulu's cessation of the conduct alleged herein.

59. Plaintiffs and Class Members are entitled to equitable relief that includes an accounting of what records regarding specific video materials and/or services they requested and/or obtained were disclosed and to whom.

60. Plaintiffs and Class Members are entitled to equitable relief that includes an accounting of Hulu's compliance with 18 U.S.C. § 2710(e), regarding its destruction of personally identifiable information as soon as practicable, but no later than one year from the date the information is no longer necessary for the purpose for which it was collected.

61. Plaintiffs and Class Members seek punitive damages.

62. Plaintiffs and Class Members are entitled reasonable attorneys' fees and other litigation costs reasonably incurred.

63. Plaintiffs and Class Members request such other preliminary and equitable relief, as the Court deems appropriate.

## VII. PRAYER FOR RELIEF

Plaintiffs, individually and on behalf of all others similarly situated, pray for the following relief:

A. Certify this matter as a class action;

B. Enter judgment in favor of Plaintiffs and Class Members;

C. Enter injunctive and/or declaratory relief as is necessary to protect the interests of Plaintiffs and Class Members, including reformation of practices and an accounting and purging of wrongfully obtained personal information;

D. Award statutory damages to Plaintiffs and Class Members;

E. Award compensatory damages to Plaintiffs and Class Members in amounts to be proved at trial;

F. Award restitution against Defendant in amounts to be proved at trial;

G. Award increased and/or treble damages in amounts to be proved at trial;

H. Award liquidated damages in the amount of $2,500 per violation;

I. Award punitive damages in the interest of justice;

J. Award disgorgement of monies obtained through and as a result of unfair and/or deceptive acts and/or practices and/or unjust enrichment, in amounts to be proved at trial;

K. Award Plaintiffs and Class Members pre- and post-judgment interest to the extent allowable;

L. Make such orders or judgments as may be necessary to restore to Plaintiffs and Class Members any money and property acquired by Defendant through wrongful conduct;

M. Award Plaintiffs and Class Members reasonable litigation expenses and attorneys' fees; and

N. Award such other and further relief as equity and justice may require or allow.

Dated: November 30, 2012  Respectfully submitted,

/s/ Scott A. Kamber
By: Scott A. Kamber

Scott A. Kamber (*pro hac vice*)
skamber@kamberlaw.com
David A. Stampley (*pro hac vice*)

dstampley@kamberlaw.com
Grace E. Tersigni (*pro hac vice*)
gtersigni@kamberlaw.com
**KAMBERLAW, LLC**
100 Wall Street, 23rd Floor
New York, New York 10005
Telephone:  (212) 920-3072
Facsimile:   (212) 202-6364

Deborah Kravitz (SBN 275661)
dkravitz@kamberlaw.com
**KAMBERLAW LLP**
141 North Street
Healdsburg, CA 95448
Telephone:  (707) 820-4247
Facsimile:   (212) 920-3081

David C. Parisi (SBN 162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
**PARISI & HAVENS LLP**
15233 Valleyheart Drive
Sherman Oaks, California 91403
Telephone:  (818) 990-1299
Facsimile:   (818) 501-7852

Brian R. Strange (Cal. Bar. No. 103252)
LACounsel@earthlink.net
**STRANGE & CARPENTER**
12100 Wilshire Boulevard, Suite 1900
Los Angeles, CA 90025
Telephone:  (310) 207-5055
Facsimile:   (310) 826-3210

**Counsel for Plaintiffs**

# JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

| | |
|---|---|
| Dated: November 30, 2012 | Respectfully submitted, |
| | /s/ Scott A. Kamber |
| | By: Scott A. Kamber |

Scott A. Kamber (*pro hac vice*)
skamber@kamberlaw.com
David A. Stampley (*pro hac vice*)
dstampley@kamberlaw.com
Grace E. Tersigni (*pro hac vice*)
gtersigni@kamberlaw.com
**KAMBERLAW, LLC**
100 Wall Street, 23rd Floor
New York, New York 10005
Telephone:  (212) 920-3072
Facsimile:   (212) 202-6364

Deborah Kravitz (SBN 275661)
dkravitz@kamberlaw.com
**KAMBERLAW LLP**
141 North Street
Healdsburg, CA 95448
Telephone:  (707) 820-4247
Facsimile:   (212) 920-3081

David C. Parisi (SBN 162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
**PARISI & HAVENS LLP**
15233 Valleyheart Drive
Sherman Oaks, California 91403
Telephone:  (818) 990-1299
Facsimile:   (818) 501-7852

Brian R. Strange (Cal. Bar. No. 103252)
LACounsel@earthlink.net
STRANGE & CARPENTER
12100 Wilshire Boulevard, Suite 1900
Los Angeles, CA 90025
Telephone:  (310) 207-5055
Facsimile:   (310) 826-3210

**Counsel for Plaintiffs**