RANDALL W. EDWARDS (S.B. #179053)
redwards@omm.com
KATHERINE M. ROBISON (S.B. #221556)
krobison@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Additional Counsel on Signature Page

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE HULU PRIVACY LITIGATION | C 11-03764 LB<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: June 6, 2013<br>Time: 11:00 a.m.<br>Location: Courtroom C, 15th Floor<br>450 Golden Gate Ave<br>San Francisco, Ca. 94102 |

The parties jointly submit this statement to provide the Court with updated information regarding the status of the case.

1. **Prior Case Management Conference/Scheduling This Further CMC**

The Parties were last before this Court for a Case Management Conference on October 24, 2012. At that time, the Court set a further Case Management Conference for January 31, 2013, in anticipation of a mediation being completed by that time. The Parties filed a Joint Case Management Statement on January 24, 2013 (Docket No. 86) explaining that the mediation was not completed due to availability of dates with the mutually agreed mediator. Based on that information, the Court postponed the January conference until May 2, 2013. The parties

submitted a joint statement on April 26, 2013 requesting that the CMC be postponed approximately thirty (30) days given the status of the case. The Court therefore set this conference. The Parties submit this statement to provide the Court with an update on the events in the case since the last statement and issues that may be assisted by conference.

2. **Discovery**

In preparation for that mediation, Hulu produced certain documents and also engaged in an informal exchange of certain confidential information to assist the mediation process.

Nonetheless, plaintiffs believe that discovery should be substantially more progressed than it is. In connection with the mediation Hulu produced a limited and select group of several hundred pages of documents intended to advance the mediation but which was not material to Hulu's production responsibilities in this case. Plaintiffs have had a significant document request pending since December 10, 2012 and have thus far received an insignificant and selective production, far behind what one would expect at this stage of litigation. For example, Hulu has thus far failed to produce basic documents in its possession related to the named plaintiffs even though such data was due to be produced in January.

Hulu believes that the state of document discovery is not the result of intentional foot-dragging but result from the parties' prior focus on the mediation, the need to agree on document protocols, and the breadth of the documents plaintiffs seek. Hulu has been meeting and conferring with plaintiffs to finalize agreements regarding custodians, search terms, and other key aspects of ESI discovery that have to be addressed before meaningful document review and production can occur. Based on the parties' recent progress on those issues, Hulu has reviewed over 30,000 documents and shortly will begin producing substantial volumes of relevant, non-privileged documents on a rolling basis.

On May 17, 2013, the Parties had a meet and confer on outstanding discovery issues and seem to have come to an agreement for the commencement of production and implementation of an ESI Protocol. The parties continue to meet and confer about whether additional custodians and search terms are necessary or appropriate and will update the Court on any open issues that remain as of the date of the CMC.

1   Pursuant to Local Rule 30-1, on May 3, 2013 Plaintiffs provided Hulu with a list of topics for a 30(b)(6) deposition.  The parties are meeting and conferring about that list and no depositions have yet been set.  Plaintiffs anticipate serving additional discovery but have abstained thus far to avoid unnecessary duplication in anticipation of document production and an agreement on key words and custodians.

3.   **Motion Practice**

Under the current case schedule, plaintiffs intend to file a motion for class certification by July 15, 2013 deadline.  (Docket No. 92.)  Plaintiffs are committed to that date and want to ensure that Hulu's discovery delays do not cause that date to be further delayed.

On Tuesday May 28, 2013, Hulu informed plaintiffs that it plans by July 15, 2013 to move for summary judgment or, in the alternative, summary adjudication.  Hulu believes that the named plaintiffs' claims are capable of resolution now in Hulu's favor—or at a minimum, of substantial narrowing—on the basis of a limited set of facts that cannot be genuinely disputed, and that doing so now would either resolve the case and spare the Court and the parties further efforts that would ultimately be proven unnecessary (if the motion were granted at the close of discovery), or at a minimum, streamline the remainder of case and potentially provide the parties with an opportunity to resolve it on their own.

 Plaintiffs do not believe that this is an appropriate juncture for the determination of summary judgment given the lack of sufficient document and deposition discovery, Hulu's failure to raise this as part of the case schedule, and the efficiency of deciding class certification prior to any Rule 56 motion.  If Defendant moves for summary judgment, it is the present intention of Plaintiffs to oppose such a motion under Fed. R. Civ. P. 56(d) and ask that the motion be held in abeyance until the close of discovery.  Plaintiffs also believe that it would be better to hear summary judgment motions at a point in the proceedings where the outcome would be binding on a class.  While Hulu claims that their motion would create efficiencies (mostly by having it avoid its discovery obligations) it thus far has refused to divulge the issues it claims can be resolved now.  Plaintiffs believe that the Federal Rules of Civil Procedure provide the appropriate framework here and that, ultimately, Plaintiffs seek to certify the class, complete

1 discovery within 90 days of a decision on class certification and then expeditiously seek
2 resolution under Rule 56.  Hulu's desire to deprive plaintiffs of discovery and revisit issues
3 decided on the Motion to Dismiss is understandable but not appropriate.
4     At the further Case Management Conference, the parties will be prepared to discuss these
5 matters, as well as the case generally, recent events, upcoming deadlines, and other case
6 management issues.

8 Dated: May 30, 2013                              O'MELVENY & MEYERS LLP

                                                          By:   /s/ Randall Edwards
                                                              Randall W. Edwards
                                                               Katherine M. Robison
                                                               Two Embarcadero Center, 28th Floor
                                                               San Francisco, CA 94111-3823
                                                               Telephone: (415) 984-8716
                                                               Facsimile: (415)-984-8701
                                                               e-mail: redwards@omm.com

                                                               Robert M. Schwartz (S.B. #117166)
                                                               rschwartz@omm.com
                                                               Victor Jih (S.B. #186515)
                                                               vjih@omm.com
                                                               Steven Dunst (S.B. #281848)
                                                               sdunst@omm.com
                                                               O'MELVENY & MYERS LLP
                                                               1999 Avenue of the Stars, 7th Floor
                                                               Los Angeles, CA  90067-6035
                                                               Telephone:    (310) 553-6700
                                                               Facsimile:     (310) 246-6779

                                                               Attorneys for Defendant Hulu, LLC

| | |
|---|---|
| Dated: May 30, 2013 | PARISI & HAVENS LLP |
| | By: /s/ David Parisi |
| | David C. Parisi (SBN 162248) |
| | Suzanne Havens Beckman (SBN 188814) |
| | 15233 Valleyheart Drive |
| | Sherman Oaks, California 91403 |
| | Telephone: (818) 990-1299 |
| | Facsimile: (818) 501-7852 |

KAMBERLAW, LLC
Scott A. Kamber (*pro hac vice*)
David A. Stampley (*pro hac vice*)
Grace Tersigni (*pro hac vice*)
100 Wall Street, 23rd Floor
New York, New York 10005
Telephone: (212) 920-3072
Facsimile: (212) 202-6364
skamber@kamberlaw.com
dstampley@kamberlaw.com
gtersigni@kamberlaw.com

KAMBERLAW, LLP
Deborah Kravitz (SBN 275661)
141 North St.
Healdsburg, California 95448
Telephone: (707) 820-4247
Facsimile: (212) 202-6364
dkravitz@kamberlaw.com

STRANGE & CARPENTER
Brian R. Strange (SBN 103252)
12100 Wilshire Boulevard, Suite 1900
Los Angeles, CA 90025
Telephone: (310) 207-5055
Facsimile: (310)-826-3210

Attorneys for Plaintiffs

**ATTORNEY ATTESTATION**

Pursuant to General Order 45, I, Robert M. Schwartz, hereby attest that concurrence in the filing of this document has been obtained from David C. Parisi.

Dated: May 30, 2013               By:  /s/ Robert Schwartz
                                       Robert M. Schwartz