UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| IN RE HULU PRIVACY LITIGATION | No. C 11-03764 LB |
| | ORDER REGARDING PROPOSALS FOR JOINT STATEMENT OF UNDISPUTED FACT |
| _____/ | [RE: ECF NO. 97] |

## INTRODUCTION

In this putative class action, viewers of Hulu's on-line video content allege that Hulu wrongfully disclosed their video viewing selections and personal identification information to third parties such as online ad networks, metrics companies (meaning, companies that track data), and social networks, in violation of the Video Privacy Protection Act, 18 U.S.C. § 2710. First Amended Consolidated Class Action Complaint, ECF No. 37 at 18.[1] Hulu wants to file a case-dispositive early summary-judgment motion before class certification because it thinks it can show as a matter of law that it did not share personal information in the way Plaintiffs allege. Interim Joint Case Management Statement, ECF No. 97 at 2-3. The issue is how the parties will file the joint statement of undisputed facts given that so much discovery needs to be done still. Hulu thinks the parties should try to do one before it files the summary judgment motion, which is the process contemplated by

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document.

ORDER (C 11-03764 LB)

Local Rule 56-2, and Plaintiffs think that they cannot confer meaningfully given the state of merits discovery. *Id.* at 3-4.

## ANALYSIS AND ORDER

Given these real issues, the court orders the following.

1. Hulu should not file a separate statement of disputed facts. *See id.* at 3-4 (suggesting this process). The reason for this is that the statements cannot be an end run around the page limits.

2. There ought to be some facts that the parties can agree on. They should confer on those. One idea is that Hulu can propose a statement of undisputed facts as a mechanism to facilitate discussion before it files its summary judgment motion, and the parties can confer based on that proposal. Just as it would in a statement of undisputed facts, Hulu can provide the evidentiary support for those facts.

3. The court is not opposed to the process set forth in paragraph 7, which would allow Plaintiffs to agree to more facts after it sees the filed summary judgment motion. Another way to accomplish this is for Hulu to provide a draft of its motion with its proposal for undisputed facts. Given that Hulu wants early summary judgment before discovery has been completed, it has the incentives to be more flexible than it would ordinarily because ordinarily, the summary judgment motion would be after discovery. And this process does allow for a possible earlier resolution in a way that could be cost-effective for Hulu, which is another incentive.

4. The other issue, and the court just noticed this, is that the briefing schedule for the class certification motion does not contemplate a hearing date. That was an oversight. Normally, the court would have pegged a hearing date to a time certain after the filing date for the reply brief. The problem here is that Hulu is rushing to beat the class certification hearing date. The court is not convinced that is possible given how the parties describe the state of merits discovery. That being said, whatever schedule the parties contemplate proposing under paragraph 7 needs to include a full briefing schedule and proposed hearing dates for both motions.

That is the best that the court can do on this record. The court observes that there is still time for the orderly progress of the case given the trial date, and the court asks the parties to do the best they can to devise a schedule that lets everyone have sufficient illumination into discovery to make

ORDER (C 11-03764 LB)

2

Hulu's early summary judgment motion worth it.

## CONCLUSION

This disposes of ECF No. 97.

**IT IS SO ORDERED.**

Dated: July 3, 2013

_____
LAUREL BEELER
United States Magistrate Judge