David C. Parisi (SBN 162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
Telephone:      (818) 990-1299
Facsimile:      (818) 501-7852

Scott A. Kamber (pro hac vice)            Brian R. Strange (SBN 103252)
skamber@kamberlaw.com                     lacounsel@earthlink.net
David A. Stampley(pro hac vice)           Gretchen Carpenter (SBN 180525)
dstampley@kamberlaw.com                   gcarpenter@strangeandcarpenter.com
Grace E. Tersigni (pro hac vice)          STRANGE & CARPENTER
gtersigni@kamberlaw.com                   1200 Wilshire Blvd., Ste. 1900
KAMBERLAW, LLC                            Los Angeles, CA  90025
100 Wall Street, 23rd Floor               Telephone: (310) 207-5055
New York, New York 10005                  Facsimile:  (310) 826-3210
Telephone:      (212) 920-3072
Facsimile:      (212) 202-6364

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re: Hulu Privacy Litigation | Case No. 3:11-CV-03764-LB |
| | **PLAINTIFFS' OPPOSITION TO HULU, LLC'S MOTION FOR SUMMARY JUDGMENT BASED ON ALLEGED "LACK OF INJURY"** |
| | Hearing Date:   December 19, 2013 |
| | Time:           9:30 a.m. |
| | Courtroom:      C |
| | Judge:          Hon. Laurel Beeler |

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION AND SUMMARY OF ARGUMENT ...................................................1

II.     STANDARDS RE SUMMARY JUDGMENT ....................................................................2

III.    HULU'S PURPORTED "UNDISPUTED FACTS" ARE ANYTHING BUT
        UNDISPUTED ...................................................................................................................3

IV.     ARGUMENT......................................................................................................................4

        A.      Plaintiffs Are Entitled To Liquidated Damages for Any Violation Of The
                VPPA .......................................................................................................................4

        B.      Hulu's Statutory Interpretation of the Word "Aggrieved" Is Fatally Flawed..........6

        C.      There have been no New Persuasive Developments in VPPA
                Jurisprudence which Support Hulu..........................................................................9

        D.      All Plaintiffs Have Alleged Actual Injury, And, Although Not Required,
                Three Plaintiffs Have Specific Monetary Injury As Well .....................................13

                1.      Three of Four Plaintiffs Have Suffered Measurable Economic
                        Injury in Addition to the Injury They Have Suffered as a Result of
                        Hulu's Violations of Their Privacy Rights .................................................13

                2.      Hulu Fails to Submit Facts to Support the Alleged "Undisputed
                        Fact".............................................................................................................14

V.      CONCLUSION.................................................................................................................15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**FEDERAL CASES**

*Am. Fed'n of Gov't Employees, Local 1616 v. Thornburgh*
   713 F. Supp. 359 (N.D. Cal. 1989) ..............................................................6

*Anderson v. Liberty Lobby, Inc.*
   477 U.S. 242 (1986) ..............................................................................2

*Bangerter v. Orem City Corp.*
   46 F.3d 1491 (10th Cir. 1995) ..............................................................7

*Bateman v. American Multi-Cinema, Inc.*
   623 F.3d 708 (9th Cir. 2010) ..............................................................10

*Bender Shipbuilding & Repair Co. v. Brasileiro*
   874 F.2d 1551 (11th Cir. 1989) ..............................................................5

*Deacon v. Pandora Media, Inc.*
   901 F. Supp. 2d 1166 (N.D. Cal. 2012) ..............................................................10

*Dep't of Labor v. Newport News Shipbuilding & Dry Dock Co.*
   514 U.S. 122 (1995) ..............................................................................8

*Directv, Inc. v. Crespin*
   224 Fed. Appx. 741 (10th Cir. 2007) ..............................................................7

*Doe v. Chao*
   540 U.S. 614 (2004) ..............................................................................11, 12

*Halaburda v. Bauer Publishing Co.*
   No. 12-CV-12831, 2013 WL 4012827 (E.D. Mich. Aug. 6, 2013) ........................10

*Harry v. Marchant*
   291 F.3d 767 (11th Cir. 2002) ..............................................................5

*Hydro Invs., Inc. v. FERC*
   351 F.3d 1192 (D.C. Cir. 2003) ..............................................................9

*In re Hawaiian Airlines, Inc.*
   355 B.R. 225 (D. Haw. 2006) ..............................................................12

*Jewel v. Nat'l Sec. Agency*
   673 F.3d 902 (9th Cir. 2011) ..............................................................7

*Kehoe v. Fidelity Fed. Bank & Trust*
   421 F.3d 1209 (11th Cir. 2005) ..............................................................5, 6

*Mendocino Envm'tl Ctr. v. Mendocino County*
   192 F.3d 1283 (9th Cir. 1999) ............................................................. 2

*Michaels v. Internet Entm't Group, Inc.*
   5 F. Supp. 2d 823 (C.D. Cal.1998) ...................................................... 6

*Pichler v. UNITE*
   228 F.R.D. 230 (E.D. Pa. 2005)..................................................... 11, 12

*Reeves v. Sanderson Plumbing Prods., Inc.*
   530 U.S. 133 (2000) .............................................................................. 2

*Rex Trailer Co. v. United States*
   350 U.S. 148 (1956) .............................................................................. 5

*Scott v. Harris*
   550 U.S. 372 (2007) .............................................................................. 2

*Soremekun v. Thrifty Payless, Inc.*
   509 F.3d 978 (9th Cir. 2007) ............................................................... 2

*Sterk v. Best Buy Stores, L.P.*
   2012 WL 5197901 (N.D. Ill. 2012) ............................................... 10, 11

*Straus Commc'ns, Inc. v. FCC*
   530 F.2d 1001 (D.C. Cir. 1976) ........................................................... 9

*U.S. Dep't of Justice v. Reporters Comm. For Freedom of Press*
   489 U.S. 749 (1989) .............................................................................. 7

**FEDERAL STATUTES**

5 U.S.C. § 552a(g)(4)(A) .......................................................................... 11

16 U.S.C. § 825e ......................................................................................... 9

18 U.S.C. § 2710(c)(2)(A) ............................................................... 5, 11, 12

18 U.S.C § 2710(c)(2)(A)–(C)..................................................................... 1

18 U.S.C § 2721 ........................................................................................ 11

18 U.S.C. § 2724(b)(1) ................................................................................ 5

Fair and Accurate Credit Transactions Act............................................... 10

**OTHER AUTHORITIES**

*Black's Law Dictionary* (9th ed. 2009)............................................... 5, 6, 7

Fed. R. Civ. P. 56(a) .............................................................................. 2, 14

Local Rule 56-2........................................................................................................................15

S. Rep. No. 100-599, 2d Sess. (1988) ..........................................................................1, 6

# I.   INTRODUCTION AND SUMMARY OF ARGUMENT

Hulu's Motion for Summary Judgment is little more than just another attempt to convince this Court that Plaintiffs do not have standing to litigate the violation of their privacy rights under the Video Privacy Protection Act ("VPPA" or "Act") – an argument that Hulu has already lost. See Dkt. 64, at 12:6-7 ("the court holds that under the law as it stands now, plaintiffs alleged standing sufficiently."). The iteration of defendant's old argument however, does not change the nature of the law. Congress enacted the VPPA to protect individuals who, like the example of Judge Bork provided by Hulu, suffered a violation of their right to privacy.[1] A violation of the VPPA simply does not require a threshold showing of pecuniary damages. Even if it did, three of the four plaintiffs can make a clearer case for economic harm than Judge Bork could have ever shown. (See Section III below.)

The VPPA permits any person whose privacy is breached by a violation of the Act (and who is therefore necessarily a "person aggrieved") to collect "actual damages but not less than liquidated damages in an amount of $2,500," "punitive damages," and "reasonable attorneys' fees and other litigation costs reasonably incurred." 18 U.S.C. § 2710(c)(2)(A)–(C). In circumstances where a selected video is identified to a third party without authorization, the need for liquidated damages is plain. This is why Congress found, when enacting the VPPA, that "[s]tatutory damages are necessary to remedy the *intangible harm* caused by privacy of intrusions." S. Rep. No. 100-599, 2d Sess. at 8 (1988) (emphasis added). (See Sec. IV. A., *infra*.)

Defendant does not simply seek to cut off Plaintiffs from the protections of the VPPA, it seeks to limit the applicability of the VPPA to only those people who did not need its liquidated damages in the first place. Defendant's distorted logic would undo a host of statutes specifically designed to vindicate otherwise difficult to vindicate rights. To accomplish this end, defendant

---

[1] Any economic harm to Judge Bork would have been based on the fact that he paid to rent videos. This is the same as three of the four named Plaintiffs in this action. But the economic damage aspect Judge Bork's injury was never relevant to enactment of the VPPA, nor mentioned in the Legislative history of the statute.

combines its previously rejected standing argument with further misstatements of law and mischaracterizations of the facts. Defendant's motion should be denied in its entirety, and this case should proceed to class certification and determination of the merits.

## II. STANDARDS RE SUMMARY JUDGMENT

Summary judgment is only appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is material if it "might affect the outcome of the suit"; thus, the "substantive law" of the underlying claim determines materiality. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Conversely, an issue of fact is genuine if "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. (emphasis added).[2]

A motion for summary judgment resolves "the threshold inquiry" of whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250. On a motion for summary judgment, "courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citation, punctuation omitted). "The possibility that other inferences could be drawn that would provide an alternate explanation for the [movant's] actions does not entitle [the movant] to summary judgment." *Mendocino Envm'tl Ctr. v. Mendocino County*, 192 F.3d 1283, 1303 (9th Cir. 1999). Conversely, courts "must disregard all evidence favorable to the moving party that the jury is not required to believe," except evidence "that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000) (citation, punctuation omitted).

This is Defendant's motion for summary judgment, and therefore, every reasonable inference must be drawn in favor of Plaintiffs. Contrary to this basic principle, Defendant sets forth a statement of purportedly undisputed facts that are neither undisputed nor facts, but rather,

---

[2]   When a case does not go to a jury, "the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007)

irrelevant and disputed issues which do not even bear on the present "no injury" motion.

Perhaps Defendant's purportedly "undisputed" facts are designed to conceal the only relevant

fact – that there is no binding or persuasive legal support whatsoever for Defendant's *sine quo*

*non* that the VPPA requires actual injury for a statutory claim, separate and apart from the

privacy violation itself.  Even if this Court were to be the first to find that measurable financial

injury independent of the privacy breach itself is necessary for each Plaintiff to assert a claim

under the VPPA, the parties dispute the material fact as to whether at least three of the named

Plaintiffs have identified a separate financial injury in addition to the violation of their privacy.

Under either scenario, Defendant's motion for summary judgment should be denied.

## III.   HULU'S PURPORTED "UNDISPUTED FACTS" ARE ANYTHING BUT UNDISPUTED

The only relevant "fact" that even bears on this motion is whether Plaintiffs suffered

injury as a result of Hulu's VPPA violations.  Plaintiffs unquestionably assert (and have

evidence) that they have, and this question of fact should preclude summary judgment in and of

itself.  While not necessary under the VPPA, Plaintiffs did allege in the operative Second

Amended Complaint that they suffered actual injury. Dkt. No. 83 ¶¶32, 46, F[3].  Contrary to

defendants argument, these allegations were confirmed in discovery and cannot comprise the

undisputed material facts required by defendant's motion

Plaintiffs' discovery responses, contrary to Defendant's argument, describe actual injury.

With interrogatories, Hulu asked Plaintiffs to "describe the nature and amount of any actual

economic injury or damage . . . suffered as a result of HULU's alleged violations of the [VPPA]

with respect to YOU, excluding any claim for liquidated damages" under the VPPA.  Contrary to

Hulu's representation, Plaintiffs did not simply state "none."   Mr. Garvey, who did not pay for

---

[3]      Contrary to Hulu's argument, Plaintiffs alleged that Hulu's "conduct in sharing Plaintiffs' and Class Members' specific video choices and identifying information with third parties without authorization or consent *has caused and causes economic loss to Plaintiffs and Class Members* in that the personal information disclosed by Defendant has economic value to Plaintiffs and Class Members." Dkt. No. 83, ¶32 (emphasis added).  Plaintiffs alleged that the "factual and legal bases of Defendant's liability to Plaintiffs and Class Members are the same, resulting in injury to Plaintiffs and all other Class Members."  Dkt. No. 83, ¶46.  Further, in the Prayer for Relief, Plaintiffs seek an "[a]ward [of] compensatory damages to Plaintiffs and Class Members in amounts to be proved at trial."  Dkt. No. 83, Prayer for Relief, ¶F.

the Hulu Plus service, responded to this interrogatory as follows:  "Plaintiff suffered harm in that his privacy rights were violated."  Ex. A to Declaration of Katherine M. Robison in Support of Motion by Defendant Hulu, LLC for Summary Judgment Based on <u>Lack</u> of <u>Injury</u> <u>("Robison Decl.")</u>.  Similarly, each plaintiff that has been deposed has testified to such injury as well.  See Plaintiffs' deposition responses to questions concerning whether they have been damaged by Hulu's conduct, Garvey Deposition, 56:6-11, attached as Exhibit 2 to Decl. of Parisi Decl. ("   .  .  .my privacy has been violated"); Wymczyak Deposition, 49:21-24 attached as Exhibit 3 to Parisi Decl. , ("I feel like my privacy has been violated, yes."); and Torre Deposition, 133:13-23, attached as Exhibit 1 to Parisi Decl. ("My privacy, if that is the case, then my privacy has been violated.").

In addition, Plaintiffs Torre, Zampella and Wymyczak, who paid for the Hulu Plus service, responded that they "seek[] statutory damages under VPPA.  Plaintiff suffered harm in that his privacy rights were violated and because he paid for Hulu's premium services.[4]  So, while Plaintiffs contend below that any fair reading to the VPPA will not require a measurable pecuniary injury in order to recover liquidated damages, Plaintiffs Torre, Zampella and Wymyczak do in fact have measurable pecuniary injury in any event.[5]

## IV.   ARGUMENT

### A.   Plaintiffs Are Entitled To Liquidated Damages for Any Violation Of The VPPA

A reading of the actual text of the VPPA makes it clear that Congress intended to allow a plaintiff to recover actual damages *or* statutory damages for violations of the Act.  The VPPA states, in pertinent part: "The court may award . . . actual damages *but not less than* liquidated

---

[4] Plaintiff Wymyczak added the words "(Hulu Plus)" to the end of his response.  Ex. D to Robison Decl.

[5] Plaintiffs' counsel's comment at the August 8, 2013 CMC that the damages issue is a "very simple legal issue" certainly does not mean that Plaintiffs have suffered no injury as a result of Hulu's VPPA violations.  Plaintiffs' counsel believed, and continue to believe, that this motion can easily be disposed of on the ground that separate pecuniary injury is not necessary in order to state a VPPA claim for liquidated damages, and such a ruling would defeat Hulu's motion ouright.  However, that does not mean that, even if such separate pecuniary injury was required, Plaintiffs have not suffered such separate pecuniary injury as well.

damages in an amount of $2,500 . . . ." 18 U.S.C. § 2710(c)(2)(A) (emphasis added). Because subsection (c)(2)(A) contains the disjunction "but not less than" between "actual damages" and "liquidated damages," Plaintiffs may recover the greater of actual damages or liquidated damages under the VPPA. There is no language in subsection (c)(2)(A) that confines liquidated damages to persons who suffered actual damages. "For example, if subsection [(c)(2)(A)] instead said 'liquidated damages in the amount of $2,500, but not less than actual damages,' the award of actual damages would not be confined to people who should be awarded liquidated damages." *Kehoe v. Fidelity Fed. Bank & Trust*, 421 F.3d 1209, 1213 (11th Cir. 2005) (interpreting the parallel Driver's Privacy Protection Act ("DPPA"), which has identical language[6] to the VPPA's subsection (c)(2)(A)).

Accordingly, the plain text of the VPPA controls, and no further inquiry is necessary to conclusively determine that the VPPA permits recovery of liquidated damages absent proof of actual damages. *See Harry v. Marchant*, 291 F.3d 767, 770 (11th Cir. 2002) (en banc) ("In construing a statute we must begin, and often should end as well, with the language of the statute itself . . . because we presume that Congress said what it meant and meant what it said.").

Additionally, actual damages and liquidated damages are, by definition, entirely different forms of damages. Actual damages are defined as "An amount awarded to a complainant to compensate for a proven injury or loss; damages that repay actual losses." *Black's Law Dictionary* (9th ed. 2009). On the other hand, liquidated damages are a "substitute for actual damages [and] are paid even in the absence of proof of actual damages." *Bender Shipbuilding & Repair Co. v. Brasileiro*, 874 F.2d 1551, 1557 n.5 (11th Cir. 1989); *see also Rex Trailer Co. v. United States*, 350 U.S. 148, 153 (1956) ("[L]iquidated damages serve a particularly useful function when damages are uncertain in nature or amount or are unmeasurable . . . [a]nd the fact that no [actual] damages are shown is not fatal.").

---

[6] The DPPA, a parallel statute to the VPPA, states in pertinent part: "The court may award . . . actual damages, but not less than liquidated damages in the amount of $2,500 . . . ." 18 U.S.C. § 2724(b)(1).

Courts acknowledge that quantifying the damage caused by an invasion of personal privacy is difficult, justifying liquidated damage awards.  "Damages for a violation of an individual's privacy are a quintessential example of damages that are uncertain and possibly unmeasurable.  Since liquidated damages are an appropriate substitute for the potentially uncertain and unmeasurable actual damages of a privacy violation, it follows that proof of actual damages is not necessary for an award of liquidated damages." *See Kehoe*, 421 F.3d at 1213.  In circumstances where a selected video is identified to a third party without authorization, the need for liquidated damages is plain.  "Statutory damages are necessary to remedy the *intangible harm* caused by privacy of intrusions."  S. Rep. No. 100-599, 2d Sess. at 8 (1988) (emphasis added).  Violations of privacy interest are not readily quantifiable, which is why Congress created a liquidated damages provision.  *See, e.g., Michaels v. Internet Entm't Group, Inc.*, 5 F. Supp. 2d 823, 842 (C.D. Cal.1998) (injuries from invasion of privacy, loss of peace of mind "are to some extent irreparable"); *Am. Fed'n of Gov't Employees, Local 1616 v. Thornburgh*, 713 F. Supp. 359, 366 (N.D. Cal. 1989) (noting "significant possibility of irreparable injury by . . . infringement of individual privacy").  As these authorities make clear, liquidated damages are particularly appropriate for privacy breaches such as violations of the VPPA, and such liquidated damages are available for every VPPA violation.

### B.    Hulu's Statutory Interpretation of the Word "Aggrieved" Is Fatally Flawed

Hulu's contention that the word "aggrieved" in the Act means that actual, measurable pecuniary damages are necessary for recovery under the VPPA is incorrect.  Indeed, "aggrieved" in the context of the VPPA simply refers to a person who has standing under the statute.  There is no question that Plaintiffs have standing here.  Dkt. 64, at 12:6-7 ("the court holds that under the law as it stands now, plaintiffs alleged standing sufficiently.")  Hulu's argument that persons (including Plaintiffs) are not "aggrieved" by Hulu's VPPA violations unless they have been monetarily "injured" in some manner other than by the VPPA violation itself is based on an incomplete definition and overly narrow interpretation of the term "person aggrieved."  Specifically, Hulu cites *Black's Law Dictionary* (9th ed. 2009) for its contention that "[a] person

'aggrieved' is one who is injured," and then purports to narrowly interpret the necessary "injury"
to exclude  privacy violations such as those at issue here.  However, Plaintiffs' review of the
same edition of *Black's Law Dictionary* reveals a broad definition of "aggrieved party" to
include "[a] party entitled to a remedy; esp., a party whose personal, pecuniary, or property
rights have been adversely affected by another person's actions . . . ."  *Black's Law Dictionary*
further defines "aggrieved" in the context of a person or entity as "having legal rights that are
adversely affected; having been harmed by an infringement of legal rights."  In other words, the
very definition of the term, from the same source on which Hulu relies, makes clear that the
"injury" necessary to make a party "aggrieved" is not limited to monetary injury and can arise
directly out of the legal claims asserted.  Certainly, under these definitions, Plaintiffs qualify as
"aggrieved" persons based on Hulu's violation of their personal and legal rights to privacy under
the VPPA.

In this context, it is also important to note that privacy of information is, at its heart, a
matter of control.  *See U.S. Dep't of Justice v. Reporters Comm. For Freedom of Press*, 489 U.S.
749, 763 (1989) ("[B]oth the common law and the literal understandings of privacy encompass
the individual's control of information concerning his or her person.").  Once Hulu disclosed
Plaintiffs' personally identifiable information to third parties comScore and Facebook, Plaintiffs
lost control over their personal information, and were thereby "aggrieved".  Thus, the disclosure
itself violated their privacy and created the very harm against which the VPPA protects, entitling
Plaintiffs to relief.[7]

---

[7]  Case law interpreting the term "aggrieved persons" in the context of other statutes is
instructive as well.  *See, e.g.*, *Jewel v. Nat'l Sec. Agency*, 673 F.3d 902 (9th Cir. 2011) (deeming
plaintiff was an "aggrieved person" under the Foreign Intelligence Surveillance Act where the
injuries asserted resulted solely as a result of defendant's violation of statutorily created rights);
*Directv, Inc. v. Crespin*, 224 Fed. Appx. 741, 747 (10th Cir. 2007) (holding plaintiff was an
"aggrieved person" under the Federal Communications Act and could recover simply by
showing defendant had received intercepted communications."); *Bangerter v. Orem City Corp.*,
46 F.3d 1491, 1498 (10th Cir. 1995) (finding that plaintiff, who alleged 24-hour supervision of
his group home violated his privacy, was an "aggrieved person" for purposes of the Fair Housing
Act).  Similarly here, Hulu's violation of Plaintiffs' rights to privacy under the VPPA, in and of
itself, renders Plaintiffs "aggrieved persons" for purposes of the Act

---

Hulu's strained attempt to argue that Plaintiffs have not been "aggrieved" under the VPPA sufficient to justify an award of statutory damages must fail.  Hulu cites three cases for the proposition that in other federal statutes, courts have required parties to have suffered actual injury – by Hulu's definition, injury other than the violation of one's statutory rights – in order to qualify as "aggrieved," and thus trigger a statutory damages claim.  See Dkt. No. 124, 5:13-24. There are a number of problems with Hulu's application of those cases here.  As an initial point, not only do many cases analyzing similar statutory language actually support Plaintiffs' interpretation of who is a "person aggrieved" (see *supra*, n. 6), but as noted in one of Hulu's own cases, "what *constitutes* adverse effect or aggrievement varies from statute to statute," such that the holdings do not translate easily to the context of the VPPA   *See Dep't of Labor v. Newport News Shipbuilding & Dry Dock Co*., 514 U.S. 122, 126 (1995) (word "aggrieved" "is a term of art used in many statutes to designate those who have standing to challenge or appeal an agency decision, within the agency or before the courts").

Further, though cited as a means to preclude Plaintiffs' liquidated damage claims, each of the cases relied on by Hulu actually pertains to whether the particular plaintiff had standing and thus, are wholly irrelevant here.  As noted above, this Court has already determined that plaintiffs have standing.  See Dkt. 64, at 12:6-7.  Indeed, Plaintiffs have been injured by the violation of their privacy rights and are thus, by any standard, aggrieved.  See Garvey Depo., 56:6-11, attached as Exhibit 2 to Parisi Decl; Wymczyak Depo., 49:21-24 attached as Exhibit 3 to Parisi Decl.; and Torre Depo., 133:13-23, attached as Exhibit 1 to Parisi Decl.

Moreover, even if the Court had not yet made such a determination, Plaintiffs would meet the standards for standing outlined in Hulu's cases.  For example, Hulu relies on *Dep't of Labor v. Newport News Shipbuidling & Dry Dock Co.*, 514 U.S. 122 (1995) for the proposition that the Administrative Procedures Act's requirement that claimant be "aggrieved" requires litigants to show, in Hulu's words, "actual injury."  In *Dept. of Labor*, the Director of the Office of Workers' Compensation Claims sought judicial review of the Benefits Review Board decisions to deny certain claimants' benefits.  The court held against the agency director stating that neither the

1    agency nor the Director had standing to pursue such benefits as they were not the intended

2    recipient of the monies and had not demonstrated other means of harm.  Accordingly, the case

3    simply does not stand for the proposition asserted by Hulu and is irrelevant here.  Indeed,

4    because Plaintiffs' viewing choices were disclosed to third parties without their authorization –

5    Plaintiffs were "aggrieved" precisely in the manner found actionable under the statute.

6         Similarly, the court in *Hydro Invs., Inc. v. FERC*, 351 F.3d 1192, 1195 (D.C. Cir. 2003)

7    found the petitioner lacked Article III standing to obtain judicial review of a decision by the

8    Federal Energy Regulatory Commission.  The petitioner was a developer of hydroelectric power

9    projects and petitioned the Federal Energy Regulatory Commission as an "interested part[y]"

10   under the Federal Power Act, 16 U.S.C. § 825e, alleging that a licensing arrangement between

11   two other corporations violated distinct provisions of the Federal Power Act.  *Id.* at 1194.  The

12   Court held that petitioner had no standing because it had no "Article III concrete interest in

13   receiving the relief requested before the agency."  *Id.* at 1197.  The *Hydro* Court never held, as

14   Hulu implies, that in order to recover under a statute which provides for statutory liquidated

15   damages, parties must show they also suffered some concrete financial loss.

16        Finally, Hulu's third case on the word "aggrieved" is equally unhelpful.  In *Straus*

17   *Commc'ns, Inc. v. FCC*, 530 F.2d 1001, 1006 n.7 (D.C. Cir. 1976), the court held that a statute

18   which provided a right to challenge the Federal Communications Commission's decisions as

19   they relate to licensing did not provide an avenue for ancillary grievances – specifically, a

20   challenge to an FCC order that the petitioner had violated the "personal attack" rule.  Here, there

21   is nothing ancillary about Plaintiffs' complaints, as the prohibition on the transmission of

22   personal information is precisely what the VPPA is about.

23        **C.    There have been no New Persuasive Developments in VPPA Jurisprudence**
              **which Support Hulu**

24

25        Hulu contends that, after this Court denied its motion to dismiss in August 2012,

26   decisions in the Northern District of Illinois and the Eastern District of Michigan (interpreting a

27   Michigan statute) somehow constitute all-new interpretations of the VPPA that support Hulu.

28   Not only are those other district court opinions non-binding and non-persuasive here, but these

---

1   cases simply do not support Hulu's motion.

2   *Halaburda v. Bauer Publishing Co.*, No. 12-CV-12831, 2013 WL 4012827 (E.D. Mich.

3   Aug. 6, 2013), is not instructive, and contrary to Hulu's contention, is not a case in which a court

4   has "concluded" that the VPPA's "aggrieved" person language "means that the plaintiff must

5   show actual injury to recover any damages." (Dkt. 124, at 7:4-7).  The plaintiffs in *Halaburda*

6   sued under Michigan's video privacy statute, the VRPA, not the federal VPPA.  In finding in

7   plaintiffs' favor, that an improper disclosure under Michigan's VRPA alone was enough injury-

8   in-fact to confer Article III standing, the court looked to the statute's civil remedy provision

9   which allowed for recovery based on a showing of actual damages or statutory damages.  The

10  court observed, in *dicta*, that the VPPA does not have similar language, but this does not shed

11  any light on the issues raised by Hulu's instant motion.[8]  The VPPA explicitly contemplates a

12  liquidated damages remedy.

13       Likewise, the unpublished, out-of-district decision in *Sterk v. Best Buy Stores, L.P.*, 2012

14  WL 5197901 (N.D. Ill. 2012) is also not apposite to the issues here.  As the court noted in

15  *Deacon*, *supra*, n. 7, in the Ninth Circuit, "a statute may allow for the imposition of statutory

16  damages without a showing of actual damages."  This is consistent with this Court's prior ruling

17  that Plaintiffs have standing to assert a claim under the VPPA here.  Thus, the out-of-district

18  district court decision in *Sterk* does not help Hulu's cause.

---

19      [8]  It is also worth noting that in *Deacon v. Pandora Media, Inc.*, 901 F. Supp. 2d 1166 (N.D.
20  Cal. 2012), another VRPA case in which the court also held that the plaintiff has sufficiently
    alleged standing (although the court dismissed the claims for other reasons), Judge Armstrong of
21  this Court stated:

22          Though there is no decisional authority interpreting the VRPA, the Ninth Circuit
            has recognized that, in order to deter the prohibited conduct, a statute may allow
            for the imposition of statutory damages without a showing of actual damages.  *See*
23          *Bateman v. American Multi-Cinema, Inc.*, 623 F.3d 708, 718 (9th Cir. 2010)
            (discussing the Fair and Accurate Credit Transactions Act, which limits the
24          disclosure of a consumer's credit card number).  That aside, Plaintiff has
            sufficiently alleged the disclosure of information governed by the VRPA.
25          Plaintiff alleges that Pandora disclosed his name and "listening history," i.e., a list
            of the songs he listened to on Pandora's radio service, to the general public. . . .
26          Assuming arguendo that those songs are deemed to have been sold, rented or lent
            to the subscriber . . ., the disclosure of this information is sufficient to constitute
27          an injury for purposes of Article III standing.

28  *Id.* at 1172.

---

The *Sterk* Court relied on the U.S. Supreme Court's decision in *Doe v. Chao*, 540 U.S. 614 (2004), also inapplicable here.  Hulu cites *Doe v. Chao* for its proposition that the Privacy Act of 1974 "permits recovery of 'actual damages sustained by the individual as a result of the refusal or failure, but in no case shall *a person entitled to recovery* receive less than the sum of $1,000,' 5 U.S.C. § 552a(g)(4)(A) (emphasis added)—the Supreme Court concluded that a plaintiff must have sustained an actual injury to recover the liquidated amount."  Dkt. No. 124, at 8:3-7.[9]

Hulu attempts to extend *Doe*'s holding to the VPPA, asserting that the Privacy Act and VPPA contain similar damages provisions.  However, *Doe* merely held that a plaintiff seeking relief under the Privacy Act cannot recover liquidated damages unless he proves economic damages.  *Doe*, 540 U.S. at 616.    Hulu fails to take note of the crucial and material differences between the Privacy Act and the VPPA, thereby depriving *Doe* of any controlling weight in this case.

First, unlike the Privacy Act, the VPPA does not include the phrase "entitled to recovery," which the Supreme Court found to be "critical limiting" language.  *Doe*, 540 U.S. at 626.  The Supreme Court focused on the phrase "entitled to recovery" because, if that language in the Privacy Act is to have any meaning, it must "look[] back to the immediately preceding provision for recovering actual damages."  *Id.* at 620.  Because the Supreme Court's decision in *Doe* turned on the "critical" phrase, "entitled to recovery" (*id.* at 626)—a phrase that is notably absent from the VPPA—*Doe* is inapplicable to an interpretation of the VPPA.

Second, the VPPA importantly describes the statutory minimum amount of damages as "liquidated damages," a term that the Privacy Act notably fails to include.  18 U.S.C. § 2710(c)(2)(A).  In fact, in interpreting the damages language in the Driver's Privacy Protection Act, 18 USC § 2721, which is identical to the VPPA's subsection (c)(2)(A), the court in *Pichler v. UNITE* determined that *Doe* was inapplicable to cases outside of the Privacy Act context:

---

[9] The Privacy Act provides, for "intentional or willful" government actions in violation of the Act, the court may award "actual damages sustained by the individual . . . but in no case shall a *person entitled to recovery* receive less than . . . $1,000."  5 U.S.C. § 552a(g)(4)(A) (emphasis added).

Congress's decision to use the technical term "liquidated damages" in the DPPA [which has identical language to VPPA § 2710(c)(2)(A)] suggests that it intended to incorporate the locution's well-understood meaning.  In other words, the reference to "liquidated damages" implies that a DPPA plaintiff should receive damages on the same terms as a plaintiff who proves breach of a contract with a reasonable liquidated damages provision.  Both are entitled to liquidated damages without proof of actual damages because the stated amount of liquidated damages represents an estimate of the damages that each is likely to suffer from the violation of a legally enforceable right.  *Doe*, of course, had no occasion to consider any of these issues because the Privacy Act does not refer to "liquidated damages."

*Pichler v. UNITE*, 228 F.R.D. 230, 244 (E.D. Pa. 2005).

Third, *Doe*'s language actually *supports* Plaintiffs' right to collect liquidated damages under the VPPA, notwithstanding proof of actual measurable damages.  In explaining its holding in *Doe*, the Supreme Court suggested that, if Congress intended to permit recovery under the Privacy Act without a showing of actual damages, it "could have accomplished its object simply by providing that the Government would be liable to the individual for *actual damages 'but in no case . . . less than the sum of $1,000.'*"  *Doe*, 540 U.S. at 615, 623 (emphasis added).  As the VPPA employs the Supreme Court's suggested language almost exactly, *see* 18 U.S.C. § 2701(c)(2)(A) (permitting "actual damages but not less than liquidated damages in the amount of $2,500 . . . ."), *Doe* "suggests rather directly that plaintiffs need not prove actual damages to recover the . . . minimum liquidated damages award of $2,500."  *Pichler*, 228 F.R.D. at 244.

Finally, in addition to the Supreme Court's comparative sample language in *Doe* (above), which mirrors the language in the VPPA almost to the letter, other courts have similarly determined that the language in the VPPA and other substantially similar statutes permit recovery of liquidated damages without proof of actual damages.  *See, e.g.*, *In re Hawaiian Airlines, Inc.*, 355 B.R. 225, 230 (D. Haw. 2006) (distinguishing *Doe* as inapplicable where the statute at issue permitted any "person aggrieved" by its violation to recover and holding that "this recovery is not tied to actual damages").

### D. All Plaintiffs Have Alleged Actual Injury, And, Although Not Required, Three Plaintiffs Have Specific Monetary Injury As Well

Assuming, arguendo, that Hulu's reading of the VPPA were correct, its argument nevertheless fails because Plaintiffs have alleged and provided evidence of economic injury. Plaintiffs contend they have suffered actual injuries because, while difficult to measure (hence, the liquidated damages provision in the Act), the violation of Plaintiffs' privacy rights is an actual injury. Additionally, even if "economic" injury were a prerequisite to recovery under the Act (which it is not), information Hulu disclosed has intrinsic economic value. Further, those Plaintiffs that subscribed to Hulu's premium service have suffered additional economic damages as well. None of the pleadings or discovery responses Hulu cites actually substantiates its claim that Plaintiffs have failed to adduce evidence of actual injuries. Indeed, quite the contrary is true, as discussed below.

#### 1. Three of Four Plaintiffs Have Suffered Measurable Economic Injury in Addition to the Injury They Have Suffered as a Result of Hulu's Violations of Their Privacy Rights

Contrary to Hulu's contention, Plaintiffs have suffered measurable economic losses. While Hulu contends otherwise, Plaintiffs' Second Amended Complaint specifically alleges that Hulu's conduct has "caused and causes economic loss to Plaintiffs and Class Members in that the personal information disclosed…has economic value to Plaintiffs and Class Members." Dkt. No. 83, ¶32, Prayer for Relief, ¶¶ E and F.

Likewise, Plaintiffs' discovery responses describe injuries beyond simple violations of the VPPA, which injuries arise directly from certain Plaintiffs' payments for Hulu's premium service, Hulu Plus. For instance, Plaintiffs Torre, Zampella and Wymyczak each responded to interrogatories and stated that they "suffered harm in that his privacy rights were violated and because he paid for Hulu's premium services...." See Torre, Zampella and Wymyczak's Responses to Special Interrogatory No. 6; collectively attached as Exhibits A, C, and D to the Robison Decl. Hulu cites these Plaintiffs' assertions of economic harm, but dismisses them without explanation, stating only that "those responses do not provide facts evidencing an actual injury." Dkt. No. 124, p. 10. Hulu's conclusory statement fails to acknowledge that Plaintiffs'

1   suffered pecuniary injuries when they paid for a service which violated their privacy rights and

2   therefore did not receive the value of the Hulu service for which they paid.  As Plaintiff Torre

3   testified at his deposition that he was harmed both because Hulu's conduct violated his privacy

4   in violation of the VPPA and because, as he put it, "I'm paying for a service, and I thought that I

5   understood what was involved in that transaction.  But now I understand more, and it's

6   disturbing."  Torre Deposition, 135:23-136:8, attached as Exhibit 1 to Parisi Decl.

7          Hulu also cites to Plaintiffs' Motion for Class Certification to support its position,

8   claiming that if "each plaintiff has to show actual injury from the alleged disclosures in this case,

9   plaintiffs' class certification motion would fail...."  Dkt. No. 124, at 9:18-19.  This position omits

10  the critical fact that, at a minimum, all Hulu Plus users incurred the same pecuniary injuries by

11  paying the same monthly amount for the service.

## 2.          Hulu Fails to Submit Facts to Support the Alleged "Undisputed Fact"

13          What Hulu offers as "undisputed facts" in its Motion are assertions that are, in fact,

14  disputed, and irrelevant to this Motion.  Specifically, while the issue raised here is the legal

15  viability of liquidated damage claims under the VPPA, Defendant attempts to inject purported

16  facts about Hulu's state of knowledge of its disclosure of personally identifiable information to

17  third parties.  (Dkt. 124 at 7-9.)  Hulu, as the moving party, has failed to meet its burden of

18  presenting admissible evidence in support of these supposed "undisputed" facts.[10]

19          In addition, Hulu's incorporation by reference of "background facts and supporting

20  evidence set forth on pages 2 through 9 of its concurrently filed comScore/Facebook summary

21  judgment brief" and its citation to the Yang Declaration filed in support of the

22  comScore/Facebook motion is inappropriate.  A motion for summary judgment must be

23  complete in and of itself and follow the procedure outlined by Fed. R. Civ. P. 56(a) (moving

24  party has both an initial burden of production and the ultimate burden of persuading the court

25  that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as

---

[10] These purportedly "undisputed facts" appear nowhere on Hulu's proposed joint statement of undisputed fact submitted to Plaintiffs in connection with this motion.  See Exhibit 4 to Parisi Decl.

a matter of law") and Civil Local Rule 56-2.

Plaintiffs are scheduled to depose Mr. Yang the week of November 11, 2013, and they do not intend to submit evidence to controvert facts concerning the comScore/Facebook motion until their opposition to Hulu's other motion for summary judgment is due on December 12, 2013.  For these reasons, the Court should not even consider these so-called "facts" when ruling on the instant motion.

**V.     CONCLUSION**

For the reasons stated herein, Plaintiffs respectfully request that the Court deny Hulu, LLC's Motion for Summary Judgment with respect to the ill taken "Lack of Injury" argument in its entirety.

Date: November 8, 2013                          Respectfully submitted,


                                                By:  _s/David C. Parisi_____

                                                Scott A. Kamber (*pro hac vice*)
                                                skamber@kamberlaw.com
                                                David A. Stampley (*pro hac vice*)
                                                dstampley@kamberlaw.com
                                                Grace E. Tersigni (*pro hac vice*)
                                                gtersigni@kamberlaw.com
                                                **KAMBERLAW, LLC**
                                                100 Wall Street, 23rd Floor
                                                New York, New York 10005
                                                Telephone:     (212) 920-3072
                                                Facsimile:     (212) 920-3081

                                                Deborah Kravitz (SBN 275661)
                                                dkravitz@kamberlaw.com
                                                **KAMBERLAW, LLP**
                                                141 North St.
                                                Healdsburg, California 95448
                                                Telephone: (707) 820-4247
                                                Facsimile: (212) 202-6364

                                                David C. Parisi (SBN 162248)
                                                dcparisi@parisihavens.com
                                                Suzanne Havens Beckman (SBN 188814)
                                                shavens@parisihavens.com
                                                **PARISI & HAVENS LLP**
                                                15233 Valleyheart Drive

Sherman Oaks, California 91403
Telephone:     (818) 990-1299
Facsimile:      (818) 501-7852

Brian R. Strange (SBN 103252)
lacounsel@earthlink.net
Gretchen Carpenter (SBN 180525)
gcarpenter@strangeandcarpenter.com
**STRANGE & CARPENTER**
12100 Wilshire Blvd., Ste, 1900
Los Angeles, CA  90025
Telephone: (310) 207-5055
Facsimile:  (310) 826-3210

Counsel for Plaintiffs