# Exhibit 1

Page 1

```
 1            THE UNITED STATES DISTRICT COURT
 2         FOR THE NORTHERN DISTRICT OF CALIFORNIA
 3
 4
 5
 6   IN RE HULU PRIVACY LITIGATION ) CASE NO.:
 7                                 )
 8   _____) 3:11-CV-03764-LB
 9
10
11
12
13           VIDEOTAPED DEPOSITION OF PAUL TORRE
14                  LOS ANGELES, CALIFORNIA
15              SATURDAY, SEPTEMBER 28, 2013
16
17
18
19
20
21
22
23   REPORTED BY:
24   CHRISTY A. CANNARIATO, CSR #7954, RPR, CRR
25   JOB NO.: 66068
```

1  at comScore knows what you, Paul Torre, watched on
2  Hulu?
3          MR. PARISI:  Object to the extent it
4  calls for any information learned from
5  Your counsel as before.  Anything you don't know
6  from your counsel you can testify to.
7      A.    I don't know.
8      Q.    Have you ever contacted anyone at Hulu
9  to find out whether Hulu is disclosing any of your
10 watch behavior to others?
11     A.    I have not contacted Hulu, I don't
12 believe, as I said before.
13     Q.    So assuming that the allegations in this
14 complaint are correct and that Hulu has disclosed to
15 comScore, for example, you know, information about
16 what you have watched on Hulu, how have you been
17 harmed by that?
18         MR. PARISI:  Objection.  Ambiguous as
19 phrased.  And same objection.  To the extent it
20 comes from the attorney-client privilege, I would
21 object.  But obviously answer otherwise.
22     A.    My privacy, if that is the case, then my
23 privacy has been violated.
24     Q.    And so what specifically, what harm have
25 you suffered from that?  Can you articulate that for

1      A.    Okay.
2      Q.    -- do you believe, if that is true, that
3  you have been harmed, and how?
4            MR. PARISI:  Objection.  Asked and
5  answered.  And ambiguous as phrased.  And it's also
6  compound.
7            THE WITNESS:  And it's also what?
8            MR. PARISI:  Compound.  Two questions in
9  one.
10           THE WITNESS:  Oh, got it.
11     A.    It's a violation of my privacy.  And so
12 then part of it would be without knowing what they
13 are -- what they know, what they are using that
14 information for, then it's hard for me to
15 specifically say how I've been harmed.  I don't
16 know, is the short answer.
17     Q.    So it sounds like what you're saying is
18 the harm is a violation of your privacy.
19           MR. PARISI:  Objection.  I think that
20 misstates his testimony.
21     A.    I've said it is a violation of my
22 privacy.  And then I've said other things.
23     Q.    Is there anything else, besides what
24 you've already told me, that you can articulate as
25 far as how you've been harmed by any disclosures

Page 136

1  that occurred in this case as alleged in this case?
2          MR. PARISI:  Again, the attorney-client
3  privilege objection on that, but otherwise you can
4  testify.
5      A.   Right.  Well, I mean, I -- I'm paying
6  for a service, and I thought that I understood what
7  was involved in that transaction.  But now I
8  understand more, and it's disturbing.
9      Q.   So is there a value that you can place
10 on that now according to your new understanding of
11 how much you would be willing to pay for the service
12 instead of what you're now paying?
13         MR. PARISI:  Objection.  Ambiguous.
14 Calls for speculation.
15     A.   I don't understand the question.
16     Q.   So you stated that you are paying for a
17 service that you believe was not as represented
18 basically.
19     A.   Yes.
20     Q.   And I believe you're probably paying
21 $7.99 a month for that service?
22     A.   Yes.
23     Q.   Is there a dollar amount that you'd be
24 more comfortable paying based on what you now know
25 about what that service is?