

**KamberLaw, LLC**

100 Wall Street, 23rd Floor
New York, New York 10005
t 212.920.3072  f 212.202.6364

www.kamberlaw.com

May 15, 2014

<u>**Electronically Filed**</u>

Hon. Laurel Beeler
United States District Court, Northern District of California
Courtroom "C", 15th Floor
450 Golden Gate Avenue
San Francisco, California 94102

      Re:    *In re Hulu Privacy Litigation*, No. 3:11-cv-03764-LB
             **Letter Discussing Further Class Certification Issues**

Hon. Judge Beeler,

      Pursuant to your May 8, 2014 request, Plaintiffs hereby submit this letter, equivalent to a Rule 28(j) letter, further addressing a number of topics related to their motion for class certification.

- <u>**Additional Case Law Regarding Ascertainability**</u>

    A.    <u>**Class Members' Required Self-Identification Does Not Defeat Ascertainability**</u>

      *Harris v. Comscore, Inc.*, 292 F.R.D. 579, 587 (N.D. Ill. 2013) (concluding that a class of individuals who downloaded and installed comScore's tracking software through third party entities was ascertainable, where comScore had e-mail addresses for some of the class members and others could self-identify *via* affidavit or claim form).

      *McCrary v. The Elations Company, LLC*, 2014 WL 1779243 at *7-8 (C.D. Cal. Jan. 13, 2014) (holding that a class definition that provided class members' characteristics, a description of the defective product and the eligible dates of purchase was ascertainable because it allowed prospective plaintiffs to identify themselves as having a right to recover; rejecting defendant's concern that class members did not have actual proof of purchasing the defective product, saying that endorsing that argument would effectively end consumer class actions).

      *Forcellati v. Hyland's, Inc.*, 2014 WL 14110264 at *5 (C.D. Cal. April 9, 2014) (finding that a proposed class of persons who purchased defendant's children's cold or flu products within a prescribed time frame was ascertainable because class members could self-identify if they did not have proof of purchase).

*Parkinson v. Hyundai Motor America*, 258 F.R.D. 580, 593-94 (C.D. Cal. 2008) (in class action alleging that automobile distributor failed to pay for repair of defective assembly as required by warranty, court held that proposed class definition of all current and former owners or lessees of manual-transmission automobile who paid for repair of clutch assembly within applicable warranty period was sufficiently ascertainable. The class definition identified the particular make, model, and production period for class automobile and excluded persons who did not pay for repairs, persons who paid for repairs outside warranty period, and certain persons affiliated with distributor. Court held that ascertainability satisfied even if distributor had no way of determining which class members were denied warranty coverage and subsequently obtained repairs at unaffiliated repair shops).

*Boundas v. Abercrombie & Fitch Stores, Inc.*, 280 F.R.D. 408, 417 (N.D. Ill. 2012) (holding that a class consisting of persons who were issued defective promotional gift cards was ascertainable because any person who did not still have the gift card would "be required to submit an appropriate affidavit, which can be evaluated during the claims administration process…").

*Saltzman v. Pella Corporation*, 257 F.R.D. 471, 476 (N.D. Ill. 2009) (holding that a class consisting of persons who purchased a specific type of window manufactured by defendant was ascertainable because any class member for whom sales records did not exist could self-identify and send verification *via* photograph).

### B. The Standard to Satisfy Ascertainability Is Not a Stringent One

*Lanovaz v. Twinings North America, Inc.* 2014 WL 1652338 at *3 (N.D. Cal. Apr. 24, 2014) (noting that in the Ninth Circuit, "it is enough that the class definition describes a set of common characteristics sufficient to allow a prospective plaintiff to identify himself or herself as having a right to recover based on the description" and collecting cases where courts readily certify classes of purchasers where few or no company records existed to identify purchasers or products purchased and where consumers did not keep receipts or product containers for which there were no receipts).

*Pickford v. Glickman*, 182 F.R.D. 341, 346 (D.D.C. 1998) (concluding that the ascertainability requirement implicit in Rule 23 was not particularly stringent and finding that a class of African-American farmers who farmed at any time between 1983 and 1997, applied for federal farm programs during that period, and filed written complaints with the USDA was ascertainable because "putative class members can easily ascertain whether they are members of the class").

### C. Classes/Class Notice May Be Over-Inclusive

*Brewer v. Salyer*, 2010 WL 1558413 at *1 (E.D. Cal. April 19, 2010) (approving plaintiffs' plan to mail an over-inclusive class notice to 4,000 of defendant's temporary workers, noting that workers entitled to relief could self-identify *via* affidavit).

*Macarz v. Transworld Systems, Inc.*, 201 F.R.D. 54, 60 (D. Conn. 2001) (concluding that 25% over-inclusive individual mail class notice was appropriate and reasonable).

*Pella Corp. v. Saltzman*, No. 09-8025, 2010 U.S. App. LEXIS 10259 at *9-10 (7th Cir. May 20, 2010) ("While it is almost inevitable that a class will include some people who have not been injured by the defendant's conduct because at the outset of the case many members may be unknown, or the facts bearing on their claims may be unknown, this possibility does not preclude class certification.")

*DG v. Devaughn*, 594 F.3d 1188, 1198 (10th Cir. 2010) ("Rule 23's certification requirements neither require all class members to suffer harm or threat of immediate harm nor Named Plaintiffs to prove class members have suffered such harm.")

*Kohen v. Pacific Inv. Mgmt. Co.*, 571 F.3d 672, 677 (7th Cir. 2009) ("[A] class will often include persons who have not been injured by the defendant's conduct...Such a possibility or indeed inevitability does not preclude class certification.")

*Mims v. Stewart Title Guar. Co.*, 590 F.3d 298, 308 (5th Cir. 2009) ("Class certification is not precluded simply because a class may include persons who have not been injured by the defendant's conduct.")

*Thompson v. Clear Channel Communications, Inc.*, 247 F.R.D. 98, 117-18 (C.D. Cal. 2007) (certifying class despite defendants' argument that plaintiffs' claims were not "typical" due to the inclusion of both injured and non-injured class members).

### D. Courts Have Broad Discretion to Modify Classes At Any Time

*Astiana v. Kashi Co.*, 295 F.R.D. 490, 492 (S.D. Cal. 2013) (recognizing that "Federal Rule of Civil Procedure 23(c)(1)(C) permits a court to alter or amend an order granting class certification at any point prior to the entry of final judgment…Therefore, the district court retains flexibility and is free to modify a class definition in light of developments during the course of litigation," citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982), *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL–CIO, CLC v. ConocoPhillips Co.*, 593 F.3d 802, 809 (9th Cir.2010), *Norris–Wilson v. Delta–T Grp., Inc.*, 270 F.R.D. 596, 601 (S.D.Cal.2010) and *Andrews Farms v. Calcot, Ltd.*, 268 F.R.D. 380, 384 (E.D.Cal.2010)).

- **Factual Analogies/Permutations on VPPA Disclosure**

At the May 8, 2014 hearing, the Court requested possible analogous hypotheticals to the facts of this action. Plaintiffs submit that this hypothetical may be useful in considering the current conduct by Hulu in the context of a video store in the era of the Bork family:

In the past, in the era of brick and mortar video stores, some video stores used cameras to monitor people in the store. And some stores may have made the video feed, which was trained on patrons when they paid for rentals, available to third parties so that the third parties

Hon. Laurel Beeler<br>
May 15, 2014<br>
Page 4

could identify the patrons and the videos that they rented. On Halloween, some visitors to the store may have worn masks when entering the store, thereby preventing anyone watching the video from actually identifying the persons attached to the rented videos. However, the fact that one day a year some patrons prevented the store from identifying them does not mean that the patron were not identified on any other days of the year when they rented a video from the store not wearing a mask.

This Halloween hypothetical from the era of brick and mortar stores is really no different from Hulu's transmission of data to Facebook today, when some of Hulu's customers may have, at times, prevented the disclosure of data to Facebook. Significantly, however, Plaintiffs submit that there is no evidence that any of Hulu's customers did in fact prevent Hulu from disclosing to Facebook the video viewing practices of its customers.

Respectfully submitted,

Scott A. Kamber


Scott A. Kamber (*pro hac vice*)
skamber@kamberlaw.com
David A. Stampley (*pro hac vice*)
dstampley@kamberlaw.com
Grace E. Tersigni (*pro hac vice*)
gtersigni@kamberlaw.com
**KAMBERLAW, LLC**
100 Wall Street, 23rd Floor
New York, New York 10005
Telephone: (212) 920-3072
Facsimile: (212) 202-6364


Brian R. Strange (SBN 103252)
lacounsel@earthlink.net
Gretchen Carpenter (SBN 180525)
**STRANGE & CARPENTER**
12100 Wilshire Blvd., Ste, 1900
Los Angeles, CA 90025
Telephone: (310) 207-5055
Facsimile: (310) 826-3210

David C. Parisi (SBN 162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
**PARISI & HAVENS LLP**

Hon. Laurel Beeler<br>
May 15, 2014<br>
Page 5

212 Marine Street, Suite 100
Santa Monica, California 90405
Telephone:  (818) 990-1299
Facsimile:  (818) 501-7852

Counsel for Plaintiffs