UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| IN RE HULU PRIVACY LITIGATION | No. C 11-03764 LB |
| | ORDER RE ECF NO. 223 AND SCHEDULING |
| _____/ | |

**INTRODUCTION**

In this putative class action, viewers of Hulu's on-line video content allege that Hulu wrongfully disclosed their video-viewing selections and personal identification information to Facebook in violation of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710. *See* First Amended Consolidated Class Action Complaint, ECF No. 37 at 18.[1] The parties filed a joint letter brief about Plaintiffs' request for additional discovery including (1) discovery to follow up on Hulu's production to date, (2) discovery about Hulu's knowledge under the VPPA, which is an issue that Hulu will address in a renewed motion for summary judgment, and (3) discovery relevant to the court's order denying without prejudice Plaintiffs' class certification motion primarily on the ground that Plaintiffs did not establish an ascertainable class. *See* ECF No. 223. Hulu objects to the discovery on the grounds that Plaintiffs did not establish good cause to modify the scheduling order and did not move to compel discovery. Fact discovery closed on January 13, 2014, expert

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document.

ORDER (C 11-03764 LB)

disclosures were due that same day, and expert discovery closed on February 28, 2014.

The court held a case management conference on July 10, 2014 and rules as follows.

## ANALYSIS

### I. FOLLOW-UP TO "PLUG HOLES" IN DISCOVERY

According to Plaintiffs, Hulu provided substantial discovery as late as January 11, 2014. *See id.* at 7. They point to Hulu's rolling productions. *Id.* Hulu updated its disclosures on January 13 and identified potential new witnesses. *Id.* at 7-8. Although it was willing to produce source code as of January 8, 2014, Hulu now apparently does not want to. *Id.* at 8. (Hulu countered at the conference that the delay about source code was Plaintiffs' fault more or less because the issue was discussed in July 2013, as shown by an email, and abandoned thereafter.) Plaintiffs submitted a chart, *see* ECF No. 223-1, that noted on a high level that productions were incomplete and needed follow up, and stated that they might need to depose the new witnesses and the developers of the source code. *Id.* At the hearing, Plaintiffs elaborated that the source code (and accompanying programmers' notes) are relevant to Hulu's renewed summary judgment motion regarding its knowledge of the VPPA violation.

At the case management conference, and based on the timing of Hulu's rolling disclosures, the court ordered that Plaintiffs could review the discovery produced and follow up to plug any holes. Hulu agreed that reasonable follow-up was appropriate. The parties did not propose a time line. They should meet and confer and agree on one.

As to the source code, Hulu did not challenge the request on the basis of relevance or burden. The court's best guess is that the delay resulted partly from the parties' failure to settle on a protective order and partly from the time expended on Hulu's several summary judgment motions and a protracted class certification process. The court allowed the multiple summary judgment motions to narrow the litigation, and Hulu accomplished that. Given that approach, and the possibility (as Plaintiffs suggest) that Plaintiffs raised the impact on the scheduling order in September 2013 at a case management conference, the court finds no lack of diligence that would militate against extending the time period in the court's scheduling order and finds good cause to do so to permit production of the source code and accompanying notes pursuant to a protective order.

The Northern District of California has a model protective order (as the parties know). Hulu consented to this approach at the hearing and agreed to it as part of a compromise approach that allowed it a mechanism for challenging discovery about the ascertainability of the class.

## II. EXPERT DISCOVERY AND ADDITIONAL FACT DISCOVERY

The court previously set expert disclosure deadlines that matched the fact discovery cut-off. On reflection, the court now concludes that this approach did not consider the need to review fact discovery, including source code.

Generally, as to the expert deadlines, unless disclosures are relevant to class certification or Hulu's early summary judgment motion regarding its knowledge, the disclosure deadlines should fall after class certification. Plaintiffs' proposals in the chart at ECF No. 223-2 are reasonable on this record. Boiled down, the basis for this conclusion is that it takes time to review fact discovery and the source code, and expert disclosures necessarily have to follow that review. Depending on the timing and holding of the court's decision on class certification, the court will entertain the parties' post-decision request to modify the expert discovery deadlines.

A related issue is that if expert evidence is relevant to class certification or Hulu's knowledge within the meeting of the VPPA, then disclosures must be earlier. The parties must confer on this timing.

The next issue is about categories 6 and 7 in ECF No. 223-3, which is discovery from Hulu and third parties geared toward ascertaining class members based on objective criteria. The descriptions in ECF No. 223-3 are general. Plaintiffs provided more detail at the hearing, including obtaining email lists from Hulu and Facebook, which they would cross-reference to narrow the class. Then Plaintiffs discussed ways that one might analyze server retention data to determine objectively whether a Hulu user was logged into Facebook and necessarily transmitted the Facebook ID to Facebook when the Like button loaded. Hulu responded that these specifics were not raised in the letter brief, Plaintiffs ought to provide specific draft requests, and Hulu then will be able to respond to the requests.

The parties also discussed whether Plaintiffs had established good cause to modify the court's scheduling order to conduct this extra discovery aimed at the ascertainability and predominance

ORDER (C 11-03764 LB)
3

elements of the class certification analysis. On the one hand, Hulu might argue (and more or less did so at the conference) that Plaintiffs took their chance with a self-reporting theory and did not act diligently when they failed to conduct discovery aimed at objective criteria or Facebook data about its users. On the other hand, Plaintiffs argue that they acted diligently in the context of how this litigation progressed. The parties disagreed strongly about whether Hulu acquiesced in a course of conduct that contemplated a more flexible approach to discovery deadlines.

To address Hulu's concern about being sandbagged at the case management conference by Plaintiffs' more particular discovery requests, the court ordered Plaintiffs to provide draft requests within one week from the date of the conference (meaning, by July 17). Hulu must respond within one week. Any disputes must be raised with the court jointly.

As to whether Plaintiffs have established good cause, the court noted that it had a tough time on this record finding the lack of diligence that normally militates against finding good cause to modify a scheduling order. Hulu's categorical objection to extending deadlines also would shut down Plaintiffs' class certification motion when, as Plaintiffs argue, discovery might establish the objective criteria to ascertain a class that the court ruled was a prerequisite to class certification. Plaintiffs also suggested that they have no desire to make a class certification motion that will not satisfy the issues raised in the court's decision about ascertainability. At the conference, the court said that despite its concerns about ascertainability, it would keep an open mind and also told Hulu to be mindful of the procedural context of the litigation (meaning in part the timing of Hulu's productions, the reality of Plaintiffs' ability to review those productions and confer thereafter with Hulu on the sufficiency of the productions, and the court's allowing Hulu a second shot at renewing its motion on knowledge to provide a more robust fact record). In addition, any joint discovery letter brief should cite and analyze cases that address the interplay between deciding class certification motions on the merits and the need for discovery after a scheduling order's deadlines based on a court's decision that illuminates the need for additional discovery.

A final discovery issue is that the court is not clear whether Plaintiffs seek additional discovery about Hulu's knowledge under the VPPA beyond that related to the source code. As the court said at the hearing, it might be best to wait and see Hulu's evidence in its renewed summary judgment

motion. Hulu pointed to the protections of Rule 56(d), which provides a process for additional discovery. That said, again, given that the court is giving Hulu a second chance at establishing its lack of knowledge, the court will not preclude Plaintiffs from reasonable discovery geared toward Hulu's knowledge. Plaintiffs may make those requests within two weeks, and Hulu must respond two weeks thereafter (absent stipulation of the parties or further order of the court).

### III. SCHEDULING ORDER

The court adopts the schedule in the chart at ECF No. 223-2. The issue outstanding is the interplay between Hulu's motion for summary judgment and Plaintiffs' renewed class certification motion. Hulu's summary judgment motion will be briefed and heard on the schedule in the chart. On reflection, the court's view is that class discovery—if the court ultimately orders it—probably should happen quickly, and Plaintiffs' deadline for filing the renewed class certification motion should remain on the schedule in ECF No. 223-2. The reason is (again) that the court—while keeping an open mind—is not convinced that Plaintiffs will be able to file a renewed motion that addresses the court's concerns about certifying a class. It seems more efficient to keep the motion moving on a parallel track to advance the litigation one way or another.

If the parties nonetheless agree that the summary judgment motion should be heard before discovery or briefing on the class certification motion, the court will revisit this decision. If they disagree, then the new scheduling order is set forth in 223-2, which the court incorporates by this reference.

### IV. EXTENSION OF TIME FOR HULU'S MOTION FOR RECONSIDERATION

The court extends the time period for Hulu to move for reconsideration or to certify the order for interlocutory review to 30 days after the court's order on Hulu's summary judgment motion regarding its knowledge. *See* ECF Nos. 162, 195.

### CONCLUSION

This disposes of ECF No. 223.

**IT IS SO ORDERED.**

Dated: July 14, 2014

_____
LAUREL BEELER
United States Magistrate Judge