1  ROBERT M. SCHWARTZ (S.B. #117166)
    rschwartz@omm.com
2  VICTOR JIH (S.B. #186515)
    vjih@omm.com
3  STEVEN M. DUNST (S.B. #281848)
    sdunst@omm.com
4  O'MELVENY & MYERS LLP
    1999 Avenue of the Stars
5  Los Angeles, California  90067-6035
    Telephone:    (310) 553-6700
6  Facsimile:    (310) 246-6779

7  SIMON J. FRANKEL (SB# 171552)
    sfrankel@cov.com
8  EMILY JOHNSON HENN (SB# 269482)
    ehenn@cov.com
9  COVINGTON & BURLING LLP
    One Front Street
10 San Francisco, CA 94111
    Telephone:  (415) 591-6000
11
    Attorneys for Defendant
12 Hulu, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE HULU PRIVACY LITIGATION | Case No.  4:11-CV-03764-LB<br><br>**DECLARATION OF STEVEN M. DUNST IN SUPPORT OF HULU'S MOTION FOR SUMMARY JUDGMENT RE: "KNOWINGLY"**<br><br>Hearing Date:    December 18, 2014<br>Time:                 9:30 a.m.<br>Courtroom:      C<br>Judge:              Hon. Laurel Beeler |

I, Steven M. Dunst, state:

1. I am admitted to practice law in the State of California, am admitted in the United States District Court of the Northern District of California, and am counsel with the law firm O'Melveny & Myers LLP, attorneys of record for defendant Hulu, LLC ("Hulu"). I have personal knowledge of the matters stated herein and, if called upon to do so, could and would competently testify to them under oath.

2. Hulu has produced 70,522 documents to plaintiffs encompassing 257,734 pages. These documents include (a) communications with Facebook and (b) internal Hulu documents about the "Like" button.

3. On August 12, 2014, Hulu sent plaintiffs a proposed Joint Statement of Facts ("Joint Statement"). The Joint Statement included facts regarding, among other things, Hulu's lack of knowledge of the contents of Facebook's cookies. For example, Fact No. 9 read: "Hulu did not know that the Facebook c_user cookie contained the user's Facebook User ID." Fact No. 10 read: "Hulu did not know the contents of the Facebook cookies that were transmitted to Facebook when a user visited a Hulu watch page." Plaintiffs were unwilling to include these (or related) facts in the Joint Statement, but offered no contrary evidence on either of them other than to say that "Documents produced by Hulu provide a basis to dispute the statement." Plaintiffs did not identify any such documents, and I am not aware of any.

4. Attached hereto as Exhibit A is a true and correct copy of the article on Wayback Machine's website titled "After f8 - Resources for Building the Personalized Web," pulled from Facebook's Developers blog and dated April 28, 2010. It is available at https://web.archive.org/web/20100603034411/http://developers.facebook.com/blog/post/379/ (last visited August 25, 2014).

5. Attached hereto as Exhibit B is a true and correct copy of the article titled "Facebook's Like Button Celebrates First Birthday," dated April 21, 2011, available at http://mashable.com/2011/04/21/facebook-like-button-one/ (last visited August 25, 2014).

6. Attached hereto as Exhibit C is a true and correct copy of the "Like Button" section of Facebook's Developer page. Exhibit C contains publicly available instructions for how

1  to add the Facebook "Like" button to a website.   It is available at
2  https://developers.facebook.com/docs/plugins/like-button, and was last visited on August 25,
3  2014.

4      7.    Attached hereto as Exhibit D is a true and correct copy of  the October 1, 2013
5  Declaration of Xinan Wu in Support of Hulu's Motion for Summary Judgment re: comScore and
6  Facebook "Like" Button., filed on October 1, 2013 (Dkt. No. 125-7.)

7      8.    Attached hereto as Exhibit E is a true and correct copy of Plaintiffs' Notice of Rule
8  30(B)(6), serve on Hulu on August 13, 2013.

9      9.    Attached hereto as Exhibit F are true and correct copies of excerpts of the
10  deposition of Richard Tom, Hulu's Rule 30(B)(6) designee, taken on August 20, 2013.

11      10.    Attached hereto as Exhibit G are true and correct copies of excerpts of Xinan Wu's
12  deposition, taken on December 4, 2013.

13      11.    In *Mollett v. Netflix, Inc.*, the Northern District of California granted Netflix's
14  motion to dismiss a complaint that included a Video Privacy Protection Act ("VPPA") claim.
15  2012 WL 3731542 (N.D. Cal. Aug. 17, 2012).  Attached hereto as Exhibit H is Netflix's Notice
16  of Motion and Motion to Dismiss Plaintiffs' Class Action Complaint in the above-referenced
17  *Mollett* matter (Case No. CV 11-1629-EJD-PSG), filed on May 16, 2011 at Docket 19.

18      12.    Attached hereto as Exhibit I is Plaintiffs' Memorandum of Points and Authorities
19  in Opposition to Defendant's Motion to Dismiss in the above-referenced *Mollett* matter (Case No.
20  CV 11-1629-EJD-PSG), filed on October 7, 2011 at Docket 23.

21

22  I declare under penalty of perjury under the laws of the United States that the foregoing is
23  true and correct.  Executed this 26th day of August, at Los Angeles, California.

24
25
26  _____
27                      Steven M. Dunst
28