# EXHIBIT H

| | |
|---|---|
| 1 | KEITH E. EGGLETON, State Bar No. 159842 |
| | Email: keggleton@wsgr.com |
| 2 | RODNEY G. STRICKLAND, State Bar No. 161934 |
| | Email: rstrickland@wsgr.com |
| 3 | DALE BISH, State Bar No. 235390 |
| | Email: dbish@wsgr.com |
| 4 | JESSICA L. SNORGRASS, State Bar No. 259962 |
| | Email: jsnorgrass@wsgr.com |
| 5 | WILSON SONSINI GOODRICH & ROSATI |
| | Professional Corporation |
| 6 | 650 Page Mill Road |
| | Palo Alto, CA 94304-1050 |
| 7 | Telephone: (650) 493-9300 |
| | Facsimile: (650) 565-5100 |
| 8 | |
| | Attorneys for Defendant |
| 9 | NETFLIX, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MEGHAN MOLLETT and TRACY HELLWIG, individually, on behalf of themselves and all others similarly situated, | CASE NO.: 5:11-cv-01629-EJD-PSG |
| Plaintiffs, | **DEFENDANT NETFLIX, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT** |
| v. | |
| NETFLIX, INC., a Delaware corporation, | Date: October 28, 2011 |
| Defendant. | Time: 9:00 a.m. |
| | Courtroom: 1 |
| | Before: Hon. Edward J. Davila |

DEF. NETFLIX, INC.'S MOTION TO DISMISS
CASE NO. 5:11-cv-01629-EJD-PSG

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ................................................................................... 1

ISSUES TO BE DECIDED (LOCAL RULE 7-4(A)(3)) .......................................................... 1

INTRODUCTION ..................................................................................................................... 1

STATEMENT OF FACTS ........................................................................................................ 3

    A.    The Netflix Service ................................................................................................. 3

    B.    The VPPA and California Civil Code Section 1799.3 ........................................... 3

    C.    Plaintiffs' Allegations Regarding the Netflix Service ............................................ 5

I.    LEGAL STANDARD ON MOTION TO DISMISS ................................................. 5

II.    PLAINTIFFS HAVE NOT PLEADED A VIOLATION OF THE VPPA OR SECTION 1799.3 ...................................................................................................... 6

    A.    Plaintiffs Have Not Alleged an Improper Disclosure By Netflix ........................... 6

        1.    Netflix Does Not Violate the Statutes If Plaintiffs "Watch Netflix" With Their Spouses, Children, Relatives, Household Members, Friends, Guests, Roommates and/or Housemates ........................................ 7

        2.    Netflix Does Not Violate the Statutes If Plaintiffs' Spouses, Children, Relatives, Household Members, Friends, Guests, Roommates and/or Housemates Have "Access" to Their Netflix Ready Device ............................................................................................. 9

    B.    Netflix Did Not "Knowingly" or "Willfully" Disclose Plaintiffs' Personally Identifiable Information ....................................................................................... 11

CONCLUSION ........................................................................................................................ 12

# TABLE OF AUTHORITIES

**Page**

### CASES

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) .................................................................................. 5

*Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708 (9th Cir. 2010) .............................................. 12

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................................................... 5, 6

*Branch v. Tunnell*, 14 F.3d 449 (9th Cir. 1994) ...................................................................... 9, 10

*Bryan v. United States*, 524 U.S. 184 (1998) ............................................................................. 11

*Daniel v. Cantrell*, 375 F.3d 377 (6th Cir. 2004) .............................................................. 7, 9, 11

*In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970 (9th Cir. 1999) ........................................... 10

*Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522 (9th Cir. 2008) .......................................... 6

*Morrison v. Nat'l Austl. Bank Ltd.*, 130 S. Ct. 2869 (2010) ........................................................ 10

*Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007) .................................................................... 12

*Shlahtichman v. 1-800 Contacts, Inc.*, 615 F.3d 794 (7th Cir. 2010) ................................. 6, 8, 10

*United States v. Gallegos*, 613 F.3d 1211, 1214 (9th Cir. 2010) ................................................. 8

*United States v. Miranda-Lopez*, 532 F.3d 1034 (9th Cir. 2008) ............................................... 11

*Young v. W. Publ'g Corp.*, 724 F. Supp. 2d 1268 (S.D. Fla. 2010) ............................................... 6

### STATUTES

18 U.S.C. § 2710 ................................................................................................................. passim

Cal. Civ. Code § 1799.3 ....................................................................................................... passim

### MISCELLANEOUS

134 Cong. Rec. H104091-01 (daily ed. Oct. 19, 1988) ................................................................ 8

134 Cong. Rec. S16313-01 (daily ed. Oct. 14, 1988) .................................................................. 4

*Joint Hearing Before the Subcom. On the Courts, Civil Liberties, and the Admin. of Justice*, 100th Cong. 77 (1988) ............................................................................................ 8

S. Rep. No. 100-599 (1988), *reprinted in* 1988 U.S.C.C.A.N. 4342-1 .................................... 4, 9

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on October 28, 2011 at 9:00 a.m., before the Honorable Edward J. Davila, United States District Court, 280 South 1st Street, San Jose, CA 95113, defendant Netflix, Inc. ("Netflix") will move the Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing the Class Action Complaint for Violations of the Video Privacy Protection Act and California Civil Code § 1799.3 (the "Complaint"). This Motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the Declaration of Jessica L. Snorgrass and accompanying exhibit ("Ex.") attached thereto, the [Proposed] Order, all pleadings and papers filed herein, oral argument of counsel, and any other matter submitted prior to or at the hearing on this Motion.

**ISSUES TO BE DECIDED (Local Rule 7-4(a)(3))**

1. Does the Complaint state a claim for a violation of the Video Privacy Protection Act, 18 U.S.C. § 2710, *et seq.*?
2. Does the Complaint state a claim for a violation of Civil Code Section 1799.3?

**INTRODUCTION**

In 1987, while Congress was holding contentious hearings on Judge Robert H. Bork's nomination to the U.S. Supreme Court, a newspaper reporter obtained and published a list of movies that Judge Bork's family had rented from a local video store. Congress responded by enacting the Video Privacy Protection Act, 18 U.S.C. § 2710, *et seq.* (the "VPPA"), which prohibits "video tape service providers" from disclosing the "personally identifiable information" of their customers except under particular circumstances listed in the statute. In the same year, California enacted Civil Code Section 1799.3, which contains similar prohibitions on the disclosure of video rental information.

This putative class action lawsuit seeks to stretch those privacy statutes far beyond their breaking points. Plaintiffs Meghan Mollett and Tracy Hellwig allege that Netflix violates the VPPA and Section 1799.3 because these plaintiffs' "spouses, children, other relatives, household members, friends, guests, roommates and/or housemates" allegedly can view plaintiffs' personally identifiable information on plaintiffs' own television sets, in plaintiffs' own homes.

DEF. NETFLIX, INC.'S MOTION TO DISMISS
CASE NO. 5:11-cv-01629-EJD-PSG

*Se*e, *e.g.*, ¶ 64.[1] Plaintiffs' "spouses, children, other relatives, household members, friends, guests, roommates and/or housemates" are able to do so, according to plaintiffs, because these plaintiffs voluntarily registered a "Netflix Ready Device" with Netflix to allow them to view movies streamed over the Internet by Netflix to the plaintiffs' home television sets. In other words, plaintiffs have filed a class action against Netflix because the plaintiffs *voluntarily elected to view Netflix content on their home televisions*, and then did so while they had visitors in their homes.

This Court should soundly reject plaintiffs' effort to impose statutory liability on Netflix based on a service that plaintiffs voluntarily registered to receive and then (allegedly) accessed in their homes while in the presence of others. Specifically, the Complaint should be dismissed because plaintiffs have failed to allege a violation of the VPPA or Section 1799.3.

There was no disclosure of personally identifiable information *by Netflix* within the meaning of the statutes because Netflix streamed information over the Internet, at plaintiffs' request, to devices plaintiffs voluntarily registered with Netflix and linked by plaintiffs to their individual Netflix accounts, as part of a service that plaintiffs authorized. Thus, Netflix's disclosure, if any, was to its customer – a disclosure that is expressly permitted by the VPPA and Section 1799.3. Any "disclosure" to "spouses, children, other relatives, household members, friends, guests, roommates and/or housemates" was made by plaintiffs themselves when they decided to enable a device to stream Netflix content that could be viewed by others. Netflix cannot be liable for disclosure made by plaintiffs.

Further, Netflix can only be liable under the VPPA if a violation is made "knowingly," and can only be liable under Section 1799.3 if the violation is "willful." Thus, even if the conduct alleged in the Complaint could constitute a "disclosure" by Netflix to someone other than its customer, Netflix cannot be liable unless it knows that particular information streamed to a Netflix Ready Device will be viewed by its members' "spouses, children, other relatives, household members, friends, guests, roommates and/or housemates." It is not plausible that

---

[1] Citations to "¶" herein are to the Class Action Complaint filed April 4, 2011 (Dkt. No. 1).

Netflix would have such knowledge. Further, plaintiffs do not plead facts suggesting that Netflix knew these plaintiffs' information would be viewed by others.

For these reasons, the privacy statutes asserted in the Complaint cannot be stretched to reach the conduct alleged in the Complaint. Indeed, no privacy statute should subject Netflix or other Internet-based companies to liability for actions that a plaintiff initiates in his or her own home. The Complaint should be dismissed with prejudice.

## STATEMENT OF FACTS

### A. The Netflix Service

Netflix is based in Los Gatos, California. ¶ 10. It is the world's largest subscription service for the viewing of movies, TV episodes, and other filmed content (collectively, "movies"). Netflix's more than 20 million subscribers can receive DVDs by mail and view movies streamed over the Internet to the subscriber's computer or Internet-connected television set. ¶¶ 10, 31.

To join Netflix, consumers are required to set up a password-protected online account which allows the consumer to identify the movies she wishes to receive by mail, view movies over the Internet, and otherwise manage her account. ¶¶ 3, 18-19. To view movies over the Internet on a television set, the Netflix member must first purchase a third-party device such as Microsoft's Xbox 360, Roku set top box, Blu-ray disc player, or similar video player that allows the subscriber's television to receive Internet content (a "Netflix Ready Device"). ¶¶ 4, 32. Next, the subscriber must access his or her password-protected Netflix account to register his or her specific Netflix Ready Device on the Netflix website. ¶ 33. Each Netflix-compatible device has a unique code that must be linked to the subscriber's personal Netflix account through the registration process. *Id*. The Netflix Ready Device cannot be used with the Netflix service until the Netflix member has registered the device and linked it to his or her account. ¶¶ 38, 40-42.

### B. The VPPA and California Civil Code Section 1799.3

The VPPA generally prohibits a "video tape service provider" ("VTSP") from "knowingly disclos[ing]" "personally identifiable information concerning any consumer." 18

U.S.C. § 2710, *et seq*.[2]  "Personally identifiable information" includes "information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider." *Id*. § 2710(a)(3).  The statute includes a series of exceptions to the prohibition on disclosure; among other exceptions, it allows a VTSP to disclose the consumer's personally identifiable information "to the consumer." *Id*. § 2710(b)(2)(A).  The VPPA provides that a "person aggrieved by any act in violation" of the VPPA's disclosure prohibition may bring a civil action, and that the court "may award" "actual damages but not less than liquidated damages in an amount of $2,500," punitive damages, attorneys' fees and costs, and other relief the court determines to be appropriate. *Id*. § 2710(c)(1)-(2).

The VPPA was enacted in 1988 in direct response to the widespread public disclosure of Judge Bork's past video rentals during his confirmation hearings.  Specifically, a newspaper reporter obtained the titles of 146 films that Judge Bork and his family had rented from their local video store, and then published a profile of Judge Bork in a Washington newspaper that described his family's viewing preferences. *See* S. Rep. No. 100-599, at 4-5 (1988), *reprinted in* 1988 U.S.C.C.A.N. 4342-1.  Members of the Judiciary Committee denounced the disclosure. *Id*.; *see also* 134 Cong. Rec. S16313-01 (daily ed. Oct. 14, 1988) (statement of Sen. Leahy) (calling the "outrageous" disclosure of Judge Bork and his family's rental history and the "insipid [newspaper] story" a "mockery of privacy") (emphasis omitted).  Bills were immediately introduced in both the Senate and House of Republicans to address Congress' concerns.

Civil Code Section 1799.3 was also enacted in 1988.  It provides that "[n]o person providing video recording sales or rental services shall disclose any personal information or the

---

[2] A "video tape service provider" means "any person, engaged in the business . . . of rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual materials," or certain other persons or entities subject to other VPPA provisions not alleged or applicable to this case.  18 U.S.C. § 2710(a)(4).  For purposes of this motion only, Netflix is not challenging plaintiffs' allegation that Netflix is a VTSP under the VPPA, and reserves its right to contest applicability of the VPPA to the conduct alleged here.  If this case survives this motion, Netflix will explain at a later stage that streaming over the Internet is not subject to the VPPA because streaming is not a "similar audio visual material[]" to "prerecorded video cassette tapes" and therefore Netflix is not a VTSP for purposes of this lawsuit. *See id.*

contents of any record, including sales or rental information, which is prepared or maintained by that person, to any person, *other than the individual who is the subject of the record*, without the written consent of that individual." Cal. Civ. Code § 1799.3(a) (emphasis added). Thus, like the VPPA, Section 1799.3 allows disclosures to the consumer. Section 1799.3 provides that any "willful" violation of the statute is subject to a civil penalty up to $500 for each violation in a civil action. *Id.* § 1799.3(c).

### C. Plaintiffs' Allegations Regarding the Netflix Service

Plaintiffs allege that they are Netflix members who voluntarily connected to their televisions and then registered with Netflix devices that would allow them to view Netflix movies on their home television sets. ¶¶ 8-9, 32-33. Plaintiffs allege that their decision to register these devices allows their "spouse[s], children, parents, other family members, friends, guests, visitors, roommates, and/or housemates, etc." to view information from their Netflix accounts (including the movies that they have requested) on their own home television sets. ¶¶ 1, 7-9, 63. Plaintiffs do not specifically allege that anyone has actually viewed their Netflix information, and plaintiffs do not identify any actual damages that they allegedly have suffered from the alleged violations. ¶ 72.

Plaintiffs purport to represent a class of all persons in the United States who subscribed to Netflix and streamed Netflix videos from the Internet to their televisions through any Netflix Ready Device at any time from two years prior to the date the Complaint was filed to the present. ¶ 48. Plaintiffs seek actual damages or statutory damages, civil penalties, punitive damages, declaratory and injunctive relief, and attorneys' fees.

## ARGUMENT

### I. LEGAL STANDARD ON MOTION TO DISMISS

To withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Where, as here, these pleading deficiencies exist, they "should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (internal quotation marks and citations omitted). This rule is especially important in class actions, "lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Id.* at 557-59 (internal quotation marks and citations omitted).

Where the complaint alleges conduct that does not fall within the scope of the referenced statute, the court should dismiss the complaint with prejudice. *See Shlahtichman v. 1-800 Contacts, Inc.*, 615 F.3d 794, 797, 801-02, 804 (7th Cir. 2010) (affirming dismissal with prejudice because challenged business practice was not covered by privacy statute at issue); *see also Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (upholding dismissal with prejudice for futility of amendment where facts pleaded fell outside scope of statute); *Young v. W. Publ'g Corp.*, 724 F. Supp. 2d 1268, 1278-80, 1283-84 (S.D. Fla. 2010) (dismissing complaint with prejudice where challenged disclosures of individuals' protected, personal information was permitted under exception in privacy statute at issue).

## II. PLAINTIFFS HAVE NOT PLEADED A VIOLATION OF THE VPPA OR SECTION 1799.3

### A. Plaintiffs Have Not Alleged an Improper Disclosure By Netflix

The Complaint should be dismissed because Netflix did not improperly "disclose" plaintiffs' personally identifiable information. *See* 18 U.S.C. § 2710(b)(1) (no violation absent disclosure by a VTSP); Cal. Civ. Code § 1799.3(a) ("No person providing video recording sales or rental services shall disclose any personal information . . . ."). As plaintiffs admit, plaintiffs voluntarily registered their Netflix Ready Devices to receive content from Netflix that could be displayed on their home television sets. ¶ 33. Netflix provided that content directly to plaintiffs' Netflix Ready Devices. ¶¶ 8-9. Thus, Netflix's disclosure was to plaintiffs themselves, through plaintiffs' personal Netflix accounts to devices enabled for streaming by plaintiffs, as part of a service for which plaintiffs voluntarily registered.

This disclosure falls within clear exceptions to the disclosure prohibitions in the VPPA and Section 1799.3. Specifically, the VPPA expressly permits disclosure "to the consumer." *See* 18 U.S.C. § 2710(b)(2)(A); *see also Daniel v. Cantrell*, 375 F.3d 377, 386 (6th Cir. 2004) ("Disclosures made to the consumer or with his consent are not actionable under the [VPPA]."). Indeed, plaintiffs expressly concede this point. *See* ¶ 64 ("the VPPA allows a [VTSP] to disclose personally identifiable information concerning any consumer to that consumer"). Similarly, Section 1799.3 expressly permits disclosures to "the individual who is the subject of the record" – in other words, to the consumer. *See* Cal. Civ. Code § 1799.3(a). Because Netflix's "disclosure" alleged in the Complaint was directly to the Netflix Ready Device registered by its customer – *i.e.*, "to the consumer" – plaintiffs have not pleaded conduct that is prohibited by either statute.

Plaintiffs claim, however, that the alleged disclosure violates the VPPA because their "spouses, children, other relatives, household members, friends, guests, roommates and/or housemates" could also view information transmitted to the device. *See* ¶ 64. As an initial matter, that does not change the fact that Netflix's disclosure was to the consumer's Netflix Ready Device and, therefore, "to the consumer." Further, neither of the two ways in which the plaintiffs' "spouses, children, other relatives, household members, friends, guests, roommates and/or housemates" allegedly can view plaintiffs' "personally identifiable information" constitutes a disclosure by Netflix.

### 1. Netflix Does Not Violate the Statutes If Plaintiffs "Watch Netflix" With Their Spouses, Children, Relatives, Household Members, Friends, Guests, Roommates and/or Housemates

Plaintiffs allege that people who "watch Netflix with the subscriber" are exposed to plaintiffs' personal information. ¶¶ 37, 45, 64. But that would only happen if the plaintiffs elected to use their Netflix Ready Devices in the presence of those other people. A subscriber's use of his or her device in the presence of others is not a disclosure *by Netflix*. It is a disclosure by the customer. Simply put, if a customer does not want their "spouses, children, other relatives, household members, friends, guests, roommates and/or housemates" to view the information that they have registered their Netflix Ready Device to receive, then they should not

use that device in the presence of those people. *See Shlahtichman*, 615 F.3d at 802-03 (no violation of privacy statute even though "there may be someone looking over the consumer's shoulder when he views an email in a public place").

Indeed, it would be absurd to hold Netflix liable for a privacy violation based on where, and with whom, its customers use their Netflix Ready Devices. Plaintiffs' attempt to distinguish between Internet content displayed on a computer screen and Internet content displayed on a television through a Netflix Ready Device makes this clear. Plaintiffs concede that displaying personally identifiable information on computer screens does not violate the VPPA. ¶¶ 25, 37, 46. This is so, according to plaintiffs, because information on a computer screen is "generally kept private and secure unless the subscriber decides to share" it. ¶ 25. Thus, under plaintiffs' theory, whether information streamed to a customer's home is an illegal "disclosure" to the customer's guests turns on which screen *the customer* uses *in his own home*. That is not the law. As the Seventh Circuit held while affirming the dismissal of a class action alleging violations of another privacy statute, "it is implausible to think that Congress would have premised a vendor's liability [under a privacy statute] on circumstances that were entirely beyond its control." *See Shlahtichman*, 615 F.3d at 801.

The context the VPPA was enacted in further reflects that disclosures to a customer in the customer's home do not violate the VPPA even if they may be seen by guests in the customer's living room.[3] As noted above, the statute was a response to the misuse of records relating to Judge Bork. Following the outcry regarding the disclosures relating to Judge Bork, Congress learned of "virtually daily attempts, across the country, to obtain video records and to use them for all sorts of improper purposes." 134 Cong. Rec. H104091-01 (daily ed. Oct. 19, 1988) (statement of Rep. Kastenmeier). Senators testified, for example, to requests made to video stores in divorce proceedings for movie rental records that could somehow show that the other spouse was an unfit parent. *Video and Library Privacy Protection Act of 1988: Joint Hearing*

---

[3] Statutory language "is interpreted by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *United States v. Gallegos*, 613 F.3d 1211, 1214 (9th Cir. 2010) (internal quotation marks and citation omitted).

1    *Before the Subcom. On the Courts, Civil Liberties, and the Admin. of Justice*, 100th Cong. 77
2    (1988) (statement of Vans Stevenson). Thus, the VPPA "reflects the central principle of the
3    Privacy Act of 1974: that information collected for one purpose may not be used for a different
4    purpose without the individual's consent." *See* S. Rep. No. 100-599, at 8 (1988), *reprinted in*
5    1988 U.S.C.C.A.N. 4342-1. These concerns are not implicated by the alleged "disclosure"
6    challenged here. Netflix provided content to the plaintiffs, to devices that the plaintiffs
7    registered and linked to their personal Netflix accounts, in plaintiffs' own homes. That is a far
8    cry from the conduct that the VPPA sought to address. Unlike Judge Bork, these plaintiffs
9    voluntarily disclosed their information by using their Netflix Ready Device in the presence of
10   their "spouses, children, other relatives, household members, friends, guests, roommates and/or
11   housemates." Netflix is not liable under either statute for a disclosure made by plaintiffs.

**2.  Netflix Does Not Violate the Statutes If Plaintiffs' Spouses, Children, Relatives, Household Members, Friends, Guests, Roommates and/or Housemates Have "Access" to Their Netflix Ready Device**

14   Plaintiffs also allege that people with "access" to the customer's Netflix Ready Device
15   can view the customer's account information. ¶¶ 63-64; *see also* ¶ 33 (alleging that "anyone
16   with access to the subscriber's Netflix Ready Device" can view the streaming content). This also
17   would not be a disclosure by Netflix. If the "access" was authorized by the customer, then it is a
18   disclosure by the customer. *See Daniel*, 375 F.3d at 386 (disclosure to plaintiff's parents not
19   actionable under VPPA where disclosure was at plaintiff's request). If the alleged "access" was
20   not authorized by the customer, then plaintiffs should be suing their guests – not Netflix – for
21   invasion of privacy. In fact, Netflix's Privacy Policy specifically informs subscribers that they
22   "are responsible for maintaining the confidentiality of [their] account information and for
23   restricting access to [their] computer or device through which [they] access [their] Netflix
24   account." Ex. 1 at 4.[4] Plaintiffs' failure to control access to their devices does not give rise to

---

26   [4] The Privacy Policy referenced in the Complaint is attached as Exhibit 1 to the Snorgrass Declaration. The Court may consider Netflix's Privacy Policy in connection with this motion
27   because it was referenced in the Complaint. *See* ¶ 71. The doctrine of incorporation by reference allows the court to consider "documents whose contents are alleged in a complaint and
28   whose authenticity no party questions, but which are not physically attached to the pleading . . . in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.
(continued...)

1  VPPA liability for Netflix, however, because Netflix does not make a prohibited disclosure when
2  its customers' devices are accessed without authorization.
3        Further, preventing unauthorized access to the Netflix Ready Device is entirely within
4  plaintiffs' control.  They are plaintiffs' devices, in plaintiffs' homes.  The Netflix Privacy Policy
5  even informs customers exactly how they can protect themselves from unauthorized access:  "To
6  remove access to your Netflix account from a device, go to the 'Manage Netflix ready devices
7  and computers' link under the 'Your Account' tab and remove that device from your account."
8  Ex. 1 at 4.  Any failure by the plaintiffs to "restrict[] access" or "remove access" to a device in
9  their homes that allowed plaintiffs' "spouses, children, other relatives, household members,
10 friends, guests, roommates and/or housemates" to access their devices is plaintiffs' fault, and
11 cannot give rise to a statutory violation by Netflix.  *See Shlahtichman*, 615 F.3d at 801 ("[I]t is
12 implausible to think that Congress would have premised a vendor's liability [under a privacy
13 statute] on circumstances that were entirely beyond its control.").
14       Plaintiffs also assert that Netflix has "failed to implement appropriate security measures
15 to prevent the disclosure" of plaintiffs' alleged personal information, and suggest three ways in
16 which the Netflix service allegedly could be improved.  ¶¶ 44, 46.  The pleaded statutes,
17 however, do not require that Netflix "implement appropriate security measures" or operate the
18 service in plaintiffs' preferred manner.  As the U.S. Supreme Court recently stated, a court must
19 give a statute "the effect its language suggests, however modest that may be; not to extend it to
20 admirable purposes it might be used to achieve."  *Morrison v. Nat'l Austl. Bank Ltd.*, 130 S. Ct.
21 2869, 2886 (2010); *see also Shlahtichman*, 615 F.3d at 802-03 (rejecting claim that defendant
22 violated a federal privacy statute: "[T]o apply the statute to [the challenged conduct] would
23 broaden the statute's reach beyond the words that Congress actually used.").  In any event:
24     Just because Congress' goal [in the VPPA] was to prevent the disclosure of
       private information, does not mean that Congress intended the implementation of
25     every conceivable method of preventing disclosures.  Printing all personal
       information in hieroglyphics instead of English would also help prevent the
26

---

27     (...continued from previous page)
   1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th
28 Cir. 2002); *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (same).

DEF. NETFLIX, INC.'S MOTION TO DISMISS     -10-
CASE NO. 5:11-cv-01629-EJD-PSG

disclosure of such information. However, nothing in the legislative history [of the VPPA] suggests that Congress was encouraging hieroglyphics.

*Daniel*, 375 F.3d at 384.

### B. Netflix Did Not "Knowingly" or "Willfully" Disclose Plaintiffs' Personally Identifiable Information

Even if Netflix is found to have made a disclosure to someone other than the consumer, it did not violate the VPPA because it did not do so "knowingly." *See* 18 U.S.C. § 2710(b)(1) (liability only applies to a VTSP who "knowingly discloses" personally identifiable information concerning the consumer). Similarly, it did not violate Section 1799.3 because it did not do so "willfully." *See* Cal. Civ. Code § 1799.3(c).

The VPPA does not define "knowingly." In the Ninth Circuit, however, "knowingly" requires proof of knowledge of the facts that constitute the offense. *See Bryan v. United States*, 524 U.S. 184, 193 (1998); *see also, e.g.*, *United States v. Miranda-Lopez*, 532 F.3d 1034, 1037-38 (9th Cir. 2008) (statute using term "knowingly" required proof that defendant knew facts constituting the alleged crime). To satisfy that test here, there would have to be facts pleaded reflecting that Netflix knows that individuals *other than the member to whose account a Netflix Ready Device is registered* is accessing information streamed to the device. No such facts have been pleaded, and it is simply not plausible to assume that Netflix knows that someone other than its customer is viewing the customer's personally identifiable information, in the customer's living room, on a device registered to the customer's account. This is especially true in light of Netflix's explicit warning in the Privacy Policy that members are responsible for "restricting access" to their devices. *See* Ex. 1 at 4. Plaintiffs do allege that Netflix's advertisements "depict social groups of families and/or friends gathered around the TV watching Netflix together as a social unit" (¶¶ 65-66), but the statute requires knowledge of a prohibited disclosure, not merely knowledge that its subscribers do not "watch[] Netflix alone." ¶ 66.

Netflix also has not committed the "willful violation" required for liability under Section 1799.3. *See* Cal. Civ. Code § 1799.3(c). For a violation of a statute to be "willful," a defendant must either know that its conduct violates the statute, or the violation must be "'so obvious that it

should be known.'" *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68 (2007) (citation omitted); *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 711 n.1 (9th Cir. 2010).[5] Plaintiffs have not come close to pleading facts sufficient to satisfy this test. Nothing in the Complaint reflects that it is "obvious" to Netflix that personally identifiable information that it transmits over the Internet to a customer's individually-registered device in the customer's home is being disclosed to anyone other than its customer.

## CONCLUSION

For the foregoing reasons, Netflix respectfully requests that the Court dismiss the Complaint with prejudice.

Dated: May 16, 2011

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ Rodney G. Strickland, Jr.
      Rodney G. Strickland, Jr.

*Attorneys for Defendant Netflix, Inc.*

---

[5] Although the statute is nearly 25 years old, Netflix has not found a single published decision interpreting Section 1799.3. Only two cases cite to the statute at all, and neither analyzes the statute nor addresses conduct similar to that challenged here.

**ECF CERTIFICATION**

I, Jessica L. Snorgrass, am the ECF User whose identification and password are being used to file this Notice of Motion and Motion to Dismiss Plaintiffs' Class Action Complaint. I hereby attest that Rodney G. Strickland, Jr. has concurred in this filing.

Dated: May 16, 2011                    WILSON SONSINI GOODRICH & ROSATI
                                       Professional Corporation


                                       /s/ Jessica L. Snorgrass
                                       Jessica L. Snorgrass

| | |
|---|---|
| 1 | KEITH E. EGGLETON, State Bar No. 159842 |
| | Email: keggleton@wsgr.com |
| 2 | RODNEY G. STRICKLAND, State Bar No. 161934 |
| | Email: rstrickland@wsgr.com |
| 3 | DALE BISH, State Bar No. 235390 |
| | Email: dbish@wsgr.com |
| 4 | JESSICA L. SNORGRASS, State Bar No. 259962 |
| | Email: jsnorgrass@wsgr.com |
| 5 | WILSON SONSINI GOODRICH & ROSATI |
| | Professional Corporation |
| 6 | 650 Page Mill Road |
| | Palo Alto, CA 94304-1050 |
| 7 | Telephone: (650) 493-9300 |
| | Facsimile: (650) 565-5100 |
| 8 | |
| | Attorneys for Defendant |
| 9 | NETFLIX, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MEGHAN MOLLETT and TRACY HELLWIG, individually, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

NETFLIX, INC., a Delaware corporation,

    Defendant.

CASE NO.: 5:11-cv-01629-EJD-PSG

**[PROPOSED] ORDER GRANTING DEFENDANT NETFLIX, INC.'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT**

Date: October 28, 2011
Time: 9:00 a.m.
Courtroom: 1
Before: Hon. Edward J. Davila

[PROPOSED] ORDER GRANTING DEF. NETFLIX, INC.'S MOTION TO DISMISS
CASE NO. 5:11-cv-01629-EJD-PSG

1  This matter came before the Court on the motion by defendant Netflix, Inc. ("Netflix")
2  for an order dismissing the Class Action Complaint for Violations of the Video Privacy
3  Protection Act and California Civil Code Section 1799.3 (the "Complaint"). Having considered
4  the moving and reply papers, all papers in opposition, the argument of counsel, the pleadings in
5  this action, and all other matters properly before the Court, and for good cause appearing:
6      IT IS HEREBY ORDERED that defendant Netflix's Motion to Dismiss the Complaint is
7  GRANTED and the Complaint is hereby DISMISSED in its entirety pursuant to Federal Rule of
8  Civil Procedure 12(b)(6).
9      The Complaint is dismissed with prejudice.
10     **IT IS SO ORDERED**.
11
12 DATED: _____, 2011.
13
14                                   THE HONORABLE EDWARD J. DAVILA
15                                   United States District Court Judge