```
 1                                                  Pages 1 - 11

 2                     UNITED STATES DISTRICT COURT

 3                    NORTHERN DISTRICT OF CALIFORNIA

 4     Before The Honorable Laurel Beeler, Magistrate Judge

 5     IN RE: HULU PRIVACY           )
       LITIGATION.                   )
 6                                   ) No. 11-cv-03764-LB
       _____)
 7
                                        San Francisco, California
 8                                      Wednesday, October 24, 2012

 9             TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL
             ELECTRONIC SOUND RECORDING - FTR 10:48-10:56
10
       APPEARANCES:
11
       For Plaintiffs:
12
                    Strange & Carpenter
13                  12100 Wilshire Boulevard, Suite 1900
                    Los Angeles, California 90025
14                  BY:  BRIAN STRANGE, ESQ.
                    (Appearing telephonically)
15
                    KamberLaw, LLC
16                  11 Broadway, 22nd Floor
                    New York, New York 10004
17                  BY:  SCOTT A. KAMBER, ESQ.

18                  Parisi & Havens, LLP
                    212 Marine Street, Suite 100
19                  Santa Monica, California 90405
                    BY:  DAVID CHRISTOPHER PARISI, ESQ.
20

21     For Defendant:

22                  O'Melveny & Myers LLP
                    Two Embarcadero Center, 28th Floor
23                  San Francisco, CA 94111
                    BY:  RANDALL EDWARDS, ESQ.
24

25          Transcribed by Kelly Polvi, Contract Transcriber
```

| | |
|---|---|
| 1 | **Wednesday, October 24, 2012                    10:48 A.M.** |
| 2 | **P R O C E E D I N G S** |
| 3 | ---oOo--- |
| 4 | **THE CLERK:** Calling civil action C 11-3764, in Re Hulu |
| 5 | Privacy Litigation. |
| 6 | **MR. STRANGE:** Good morning, Your Honor. This is Brian |
| 7 | Strange. I'm on the telephone. I'm out in Delaware on the |
| 8 | Google MDL hearing, so I apologize I had to appear by phone. |
| 9 | **THE COURT:** Okay, that's fine. All right. |
| 10 | **MR. KAMBER:** Good morning. Scott Kamber, also for |
| 11 | plaintiffs. |
| 12 | **THE COURT:** All right. Good morning, Mr. Kamber. |
| 13 | **MR. PARISI:** Good morning, Your Honor. David Parisi, |
| 14 | also on behalf of plaintiffs. |
| 15 | **THE COURT:** Good morning. |
| 16 | **MR. EDWARDS:** Good morning, Your Honor, Randall Edwards |
| 17 | on behalf of Hulu. |
| 18 | **THE COURT:** All right, Mr. Edwards. |
| 19 | All right. Thanks for your joint case management |
| 20 | conference statement. |
| 21 | So I saw that you had -- that you are looking at private |
| 22 | mediation pretty soon. November, December. |
| 23 | **MR. KAMBER:** Yes, the parties have selected several |
| 24 | mediators and we're trying to play with dates and trying to |
| 25 | have a mediation that would fall sometime between the middle of |

1  November and the middle of December.
2  **THE COURT:** And it sounds like that you're -- so you're
3  seeking some -- doing some exchanges of information before the
4  mediation, but because of the timing of it you're not planning
5  to do a lot.
6  **MR. KAMBER:** Right. We're planning to begin the
7  litigation of the case, waiting for the CMC to commence
8  discovery.
9  **THE COURT:** Right.
10 **MR. KAMBER:** We've also come to informal understandings
11 regarding that there were going to be categories of
12 documents -- we're still in the process of discussing those
13 documents -- to make sure that there is an exchange of
14 information so that the mediation will be meaningful. Because
15 otherwise, obviously, the 30 days to respond to our requests,
16 et cetera, in that process, would probably take us beyond the
17 mediation.
18     But we expect -- we expect both initial disclosures, as
19 well as the documents that we need to move forward with the
20 mediation, to be exchanged in advance.
21 **THE COURT:** Okay. And it sounds like you guys are
22 communicating just fine and that you'll work it all out and
23 you'll get the information you need.
24     Okay, that all sounds fine. Sounds like a good plan. I
25 mean, I like the fact that you're going to early -- I mean,

1   early mediation.
2       A couple of things.  One, all of the things that you
3   propose in your joint CMC statements seem fine to me.
4       Two, just because it's how I do it, I normally do set
5   dates.
6       Three, I kick out -- because I have a little algorithm
7   that kicks out dates going backwards from the trial date, and
8   mostly it's about -- I like things tidy and organized.  As a
9   lawyer, I like a certain amount of time.  But this -- my
10  algorithm is based on a year trial, and this is -- and I'm
11  setting them out a little further than that now because I'm
12  getting booked up on trials.
13      So I picked a trial date in April 2014.  And what I
14  wanted to say -- and so the date for that would be April 28th,
15  2014, with dates that work back from that.
16      From all the dates in between the -- some of those dates
17  are all subject to adjustment, so the next time you come to see
18  me, depending upon what happens in the mediation, if there are
19  adjustments, you're free to adjust them.
20      I mean, there's plenty of room in there to do -- I always
21  view discovery as being your deadlines to set and at least come
22  up with what you think works for you in the context of your
23  discovery.  This is just a formula.
24      And so you said we just didn't have -- since you didn't
25  weigh in on those specifics, I'm just keeping it to the

1      formula.
2          What I would propose is that I'll issue my CMC order, if
3      that trial date works for everybody, which is the end of April
4      2014.  That's lots -- far away.  It's not in the summer and
5      it's not at the holidays, so it's perfect.
6          And then I thought I would see you back here in January.
7      Just -- January 31st was the CMC date I set, at 10:30.  Plenty
8      of time after -- to let you problem-solve your mediation dates,
9      figure out a plan, after the holidays, going forward, and
10     then -- then we can talk about what the plan is then.
11         So -- and then an updated CMC statement will be due the
12     week before.  And I've given you all the caveats that I've
13     mentioned already about you can look at the dates, the
14     deadlines in between, and see if something works better for
15     you.  Okay?
16         **MR. EDWARDS:**  Very good.  Sounds great, Your Honor, the
17     31st is fine with me.
18         **THE COURT:**  Okay.  I figure it's plenty of time not to be
19     jamming everybody up.
20         And that gives you flexibility in case your mediation
21     dates aren't exactly as you want them to be.
22         **MR. KAMBER:**  Very good.  And there was one other kind of
23     a plaintiffy issue, more than a parties issue.
24         **THE COURT:**  Okay.
25         **MR. KAMBER:**  I just wanted to make sure that the Court

1  was good with -- you said right now there's the three -- both
2  Mr. Strange's firm, Mr. Parisi's firm, and my own firm, who
3  have been cooperating and acting as de facto lead counsel.
4  With the mediation coming up and class certification -- you
5  know, after that date, I just wanted to make sure that the
6  Court would be comfortable with us continuing to act as de
7  facto lead without making a motion for interim class counsel
8  and save the issue for class counsel at the class
9  certification.
10     **THE COURT:** I think it's fine. And we can talk about --
11 I figured we talk about some of these issues when you come back
12 in January, so that's -- that's fine. Right now how you're
13 proceeding seems fine.
14     **MR. KAMBER:** Very good.
15     **THE COURT:** All right.
16     **MR. EDWARDS:** And then just one other thing I just wanted
17 to mention to the Court. I don't think it's going to be an
18 issue; I think we'll work it out.
19     But you may have seen, in the case management statement,
20 that the current plan is the plaintiffs are going to further
21 amend the complaint --
22     **THE COURT:** I saw that.
23     **MR. EDWARDS:** -- I understand.
24     In part, I understand, and it's their amendment, not
25 mine, but to expand the time period -- and they may refine some

1  of the factual allegations -- I just wanted you, Your Honor, to
2  be aware that we're -- we're not waiving any arguments --
3       **THE COURT:** Okay.
4       **MR. EDWARDS:** -- but we also understand -- we need to
5  think through, once we see the complaint, the best way to
6  preserve some of the arguments that you've already expressed
7  your views on.
8       And we want to be sensitive to that issue without, of
9  course, waiving anything. Because there are some things we
10 want to revisit.
11      **THE COURT:** That's totally fine. That makes good sense.
12      I adjusted the date, actually -- I think you said
13 November 6. Was that the date that you said to amend your
14 pleadings?
15      **MR. KAMBER:** Yes.
16      **THE COURT:** That seems just fine. So that's what I put
17 in the chart. It's whatever you want to do in response to that
18 amended pleading. Keeping in mind, obviously, that I've given
19 you some markers.
20      **MR. KAMBER:** Yes.
21      **THE COURT:** It's fine. There may be ways. So that's
22 fine. That makes good sense.
23      **MR. KAMBER:** And I would think -- we understand, I've had
24 the issue myself, you know, the shoe's sometimes on the other
25 foot regarding preserving rights from motions to dismiss.

1  So from our perspective, I think, one, it is not our
2  intention -- our motion -- or amended complaint is one more of
3  housekeeping and, to make it that, we're focused on the single
4  cause of action that we were proceeding with rather than all of
5  the cause of action and kind of the --
6  **THE COURT:**  Clean it up, basically.
7  **MR. KAMBER:**  -- gobbledy-gook.
8  But, you know, from when it was -- you know, dealing with
9  the other case, et cetera.
10  So to clean it up, I don't believe that we are going to
11  create any new issues, I think that the last motion will cover
12  the issues, but I do understand defendant's needs to preserve
13  their rights and I think that through stipulation or otherwise
14  -- I wouldn't expect us to have too much of a difference of
15  opinion.  We are in no way trying to -- you know, we would like
16  to not be -- redo the same motion to dismiss again, but, on the
17  other hand, we also understand the defendant's needs to
18  preserve their rights regarding whatever they want to do.
19  **THE COURT:**  Because the issues were what you said versus
20  a little bit what you said they could prove up.  And the thing
21  -- what I said at the hearing, and then I said it as best as I
22  could in the order, was, you know, at this stage, with what
23  they said, it's hard to tell.
24  I mean, interesting arguments that Hulu made.  And so,
25  anyway.

1      **MR. KAMBER:**  From our -- from plaintiffs' perspective,
2  you know, it is our perspective that the issues, as they take
3  up, will flow naturally into summary judgment about whether
4  what was said in the papers will actually come to pass after
5  discovery.
6      But certainly, you know, it is in plaintiff's interest
7  that we move forward and not get embroiled in going through
8  the, you know, the same motion to dismiss arguments yet again
9  at this stage.
10     It is our intention to move forward promptly with
11  discovery and class certification, and I haven't seen the
12  revised -- the order based on the algorithm, but it is our
13  intention to move promptly whether the order requires us to or
14  not.
15     **THE COURT:**  Right.  I think I said 60 days after
16  mediation or -- I think I picked a date in the alternative.
17     But, again, you should look at those dates, figure out
18  what makes sense in the context of your litigation, and if I
19  got it wrong, based on what you said, just let me know and
20  we'll fix the chart the next time.
21     It will all be -- I do this little chart.
22     So.  Okay, all right.  So I'll see you back here in
23  January.
24     **MR. KAMBER:**  Okay, thank you, Your Honor.
25     **THE COURT:**  Good luck with the mediation.

1   **MR. KAMBER:**  Thank you, Your Honor.
2   **MR. STRANGE:**  Thank you, Your Honor.
3   (Proceedings adjourned 10:56 A.M.)

**CERTIFICATE OF CONTRACT TRANSCRIBER**

I, Kelly Polvi, CSR, RMR, FCRR, certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken, and further, that I am not financially nor otherwise interested in the outcome of the action.

Dated June 17, 2015.

_____
Kelly Polvi, CSR #6389, RMR, FCRR
Contract Transcriber

*Kelly Polvi, CSR, RMR, FCRR*
*P.O. Box 1427*
*Alameda, CA 94501*
*(503) 779-7406; kpolvi@comcast.net*